STATE BANK v. KESHIN BLITSTEIN & CO. et al. (No. 6526.)

(Supreme Court, Appellate Division, First Department. December 4, 1914.)

1. PLEADING (§ 238*)—AMENDMENTS—MOTION FOR LEAVE.

   Where an amended answer is not obviously frivolous, the question whether the defense presented is sufficient in law will not be determined on a motion for leave to serve, for the defendant, who proposes to rely upon the answer, is entitled to an opportunity to present its sufficiency in such a manner that the question can be reviewed on appeal.

   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 602, 620–625; Dec. Dig. § 238.*]

2. PLEADING (§ 238*)—AMENDMENTS—ALLOWANCE.

   Where plaintiff will not be injured by the service of an amended answer, except by a slight delay, which can be reduced to a minimum by the terms of the order granting the motion, defendant should be given leave; the defense not appearing frivolous.

   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 602, 620–625; Dec. Dig. § 238.*]

Appeal from Special Term, New York County.

Action by the State Bank against Keshin Blitstein & Co. and others. From an order denying leave to serve an amended answer, defendants appeal. Order reversed, and leave granted.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

J. A. Seidman, of New York City, for appellants.
W. T. Kohn, of New York City, for respondent.

SCOTT, J. This action was commenced on July 8, 1914, and is to recover against appellant as an indorser upon a note executed by Jacob Cohen & Co. The defendant has already answered, and once amended its answer by consent, and the cause is now on the short cause calendar for trial.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[1, 2] The motion was opposed on the ground that it was not timely made, was not made in good faith, and that the defenses sought to be added are not sufficient in law. The last objection we have frequently refused to entertain, unless the defenses sought to be pleaded were obviously sham or frivolous, as the defenses now submitted clearly are not. Whether they are good in law we do not decide on this motion. The defendant, who proposes to rely upon them, is entitled to an opportunity to present them in such a manner that their validity may be tested on appeal. It does not appear that the plaintiff will be in any way prejudiced, except by some delay. That can be reduced to a minimum by the terms of the order granting the motion.

The order appealed from will be reversed, and the motion granted, upon condition that, if plaintiff so elects, the cause shall retain its present place upon the calendar, and upon the further condition that the appellant within five days serves the amended answer and pays to the plaintiff the costs and disbursements of the action to date. All concur.