Robert F. Anderson, Respondent, v. New York Central Railroad Company, Appellant, and National Gypsum Company, Respondent.

Robert J. Anderson, an Infant, by Beulah H. Anderson, His Guardian ad Litem, Respondent, v. New York Central Railroad Company, Appellant, and National Gypsum Company, Respondent.

Fourth Department, May 5, 1954.

*John E. Leach* for appellant.

*Knoell, Bassett & Owens* for Robert F. Anderson and another, respondents.

*James R. Ulsh* for National Gypsum Company, respondent.

*Per Curiam.* This is an appeal from an order in each of the above-entitled actions permitting the defendant National Gypsum Company to amend its answer so as to assert a cross claim against the defendant New York Central Railroad Company for the purpose of determining the ultimate rights as between the defendants for the liability alleged in plaintiffs' complaint. (Civ. Prac. Act, §§ 264, 474.)

The question presented by the appellant upon this appeal is whether the cross claim contained in defendant National Gypsum Company's amended answer states a cause of action against the codefendant, this appellant. While the plaintiffs appeared upon the motion the record does not indicate that they opposed the motion and they have filed no brief upon this appeal.

The order appealed from merely permits the service of the proposed amended pleading containing the cross claim. It does not appear upon the face thereof that it is an adjudication as to the sufficiency of the cross claim set forth in the proposed amended pleading. Ordinarily unless a proposed amended pleading is clearly bad or frivolous its sufficiency is not determined upon a motion to serve it but remains to be tested upon a motion after it is served, or upon the trial. (*Paddock* v. *Barnett,* 88 Hun 381, 384; *State Bank* v. *Keshin, Blitstein & Co.,* 165 App. Div. 974; *Coron* v. *Lincks,* 259 App. Div. 924, 925; *Warren* v. *Putnam,* 263 App. Div. 474, 475; *Gillette* v. *Allen,* 269 App. Div. 441, 449 [4th Dept.]; *Ponticello* v. *Prudential Ins. Co.,* 281 App. Div. 549, 550.)

It appears from this record that the ultimate liability as between the defendants may be governed by the so-called " sidetrack agreement ". That agreement is referred to in the proposed amended answer but is not fully set forth therein or attached thereto. It is referred to and made a part of an affidavit presented by appellant on the motion. The defendants do not agree as to the construction to be placed upon the so-called " sidetrack agreement " but each contends that by reason thereof the ultimate liability arising from plaintiffs' cause of action rests with the other.

The appellant's argument on this appeal is analogous to an argument upon a motion to dismiss the cross claim after service thereof on the ground that it fails to state facts sufficient to constitute a cause of action. On such a motion affidavits or facts not appearing upon the face of the pleading are not considered. Likewise, a contract or writing referred to in a pleading but not set forth in full or attached to the pleading is no part of the pleading and may not be considered in passing upon the sufficiency thereof. (*Du Pont Automobile Distributors* v. *Du Pont Motors*, 213 App. Div. 313, 315; *Boiardi* v. *Marden, Orth & Hastings Corp.*, 194 App. Div. 307.)

We view the order appealed from in each of the above-entitled actions as a discretionary order not involving an adjudication as to the merits or sufficiency of the cross claim set forth in the amended pleading. It should accordingly be affirmed without prejudice to the right of the appellant to test the sufficiency thereof upon a proper motion after it is served, or upon the trial.

All concur. Present — McCurn, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.

Order in each of the above-entitled actions affirmed, with $10 costs and disbursements, without prejudice to any other motion addressed to the pleadings.