BLAICH & STIEGLER, INC., Plaintiff, *v.* MANHASSET PARK COMPANY, Defendant.

Supreme Court, Special Term, Queens County, August 24, 1954.

*Fred Rosenberg* for defendant.

*Kenneth D. Molloy* for plaintiff.

HALLINAN, J. In an action for breach of contract, the defendant moves, pursuant to rule 106 of the Rules of Civil Practice, to dismiss the complaint on the ground that it does not state facts sufficient to constitute a cause of action. Defendant relies, however, upon plaintiff's bill of particulars, to which is annexed an exchange of letters between the parties which defendant contends do not spell out any contract, but merely an invitation to bid, followed by a bid. These documents, however, were not set forth in full in or attached to the plaintiff's complaint; they may not, therefore, be considered in testing its legal sufficiency on the face thereof. (Cf. *Anderson* v. *New York Central R. R. Co.,* 284 App. Div. 64.)

The proper procedure for the defendant is to move for judgment on the pleadings, pursuant to section 476 of the Civil Practice Act and rule 112 of the Rules of Civil Practice. Upon such a motion, if the answer contains appropriate denials or affirmative defenses, the documents contained in the bill of

particulars may then be considered. (*Richardson* v. *Gregory,* 219 App. Div. 211, affd. 245 N. Y. 540; *Cohen* v. *Erdle,* 282 App. Div. 569.)

The defendant's present motion is, accordingly, denied with leave to renew in accordance with the foregoing.

Submit order.