Donald S. Taylor, J.
The plaintiff moves pursuant to rule 112 of the Rules of Civil Practice for judgment on the pleadings. The defendant cross-moves pursuant to rule 107-' of the. Rules of Civil Practice and section 279 of the Civil Practice Act to dismiss the complaint on the ground that the court lacks jurisdiction of the subject matter of the action or, in the alternative., for leave pursuant to section 105 of the Civil Practice Act to serve an amended answer.
The complaint prays for injunctive relief- to, restrain the defendant from distributing or selling in the State of New York a raspberry flavored powdered gelatin dessert under the trade name “ Royal in the six-sided paper package which it now uses. The gist of' its allegations is that the product is, misbranded in violation of subdivision 1 of- section 201 of the. Agriculture and Markets Law in that the labeling of the package in which it is sold is false and misleading since it conveys the impression that natural raspberry juice is the sole flavoring ingredient whereas an artificial fruit essence is also, employed.
The answer admits the sale and distribution of the dessert and the accuracy of the allegations of the complaint which by
*875 words and facsimile describe the exterior of the package. It denies, however, the allegations that the dessert contains no raspberry juice, that its labeling is false and misleading and that the product is misbranded. The denial of the complaint’s material allegation “ that defendant’s Boyal gelatin dessert does not contain any raspberry juice ” which contravenes the label’s express declaration to the contrary in itself precludes judgment on the pleadings. The traverse of the allegations which charge false and misleading labeling also tenders a question of fact, viz., whether or not the labeling viewed in its entirety is of such make-up that it would give the impression to an ordinary purchaser of the dessert that its flavoring ingredient is true natural fruit juice. The defendant is entitled to a trial of these issues. (Stevenson v. News Syndicate Co., 302 N. Y. 81, 87, motion for reargument denied 302 N. Y. 690; Spencer v. City of New York, 279 App. Div. 1021; Town of Hempstead v. Listengart, 274 App. Div. 899.) Accordingly, the motion is denied.
The complaint is framed within the provisions of the Agriculture and Markets Law which prohibit the sale of misbranded food. (Agriculture and Markets Law, §§ 199-a, 201.) This statute was enacted by the Legislature within the scope of the police power of the State to safeguard the public against misrepresentation or deception in its sale. It appears that the Federal Food and Drugs Administration has not established a standard of identity for powdered gelatin desserts and has not undertaken to deal with this type of alleged mislabeling under the Federal act. (IT. S. Code, tit. 21, § 301 et seq.) The State statute is not in conflict with its Federal counterpart. In the circumstances presented jurisdiction of the subject matter in litigation is not lacking. (Sligh v. Kirkwood, 237 U. S. 52; Savage v. Jones, 225 U. S. 501, 528-539.) To this extent the cross motion is denied.
The proposed amended answer sets up four separate defenses which challenge on constitutional grounds the jurisdiction of this court over the subject matter of the litigation. The legal sufficiency of the proposed pleading should not be determined on a motion for leave to serve it but should remain to be tested upon an appropriate motion after it is served. (Anderson v. New York Central R. R. Co., 284 App. Div. 64, and cases cited therein.) No prejudice to the plaintiff is demonstrated. The alternative branch of the cross motion is granted and the proposed amended pleading attached thereto shall stand as the new pleading.
Submit order accordingly.
The motion papers will be forwarded with the signed order.