ABRAHAM FRIEDMAN, as Administrator of the Estate of GOLDIE FRIEDMAN, Deceased, Respondent, *v.* PARK LANE MOTORS, INC., et al., Appellants.

First Department, April 4, 1963.

*Benjamin Heller* of counsel (*Cymrot & Wolin,* attorneys), for appellants.

*Benjamin H. Siff* of counsel (*Benjamin Metviner,* attorney), for respondent.

McNALLY, J. Defendants sought and were denied leave to serve an amended answer alleging as a second defense that a prior judgment precludes the prosecution of the causes of action herein.

The complaint alleges a claim for personal injuries and one for pecuniary damages resulting from the death of plaintiff's intestate. The alleged injuries and death were consequent on the negligent operation on March 24, 1960 of an automobile owned by defendant Park Lane Motors, Inc. and operated by defendant Bernard Friedman, the son of plaintiff's intestate. The proposed second defense is grounded on a prior action by the plaintiff and Bernard Friedman against his insurer Atlantic National Insurance Company for the recovery of medical payments arising out of the same occurrence. The Atlantic policy also insures Bernard Friedman against liability arising out of the operation of the same motor vehicle. The prior action terminated in a judgment on the merits in favor of Atlantic.

The affidavits in support of the motion allege that in the prior action the court's charge limited the verdict of the jury to the sole issue of whether the injuries resulted from the occurrence of March 24, 1960.

The causes of action herein and the one previously determined are dissimilar. Hence, the plea of res judicata is not available. (*Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 N. Y. 304, 306–307; *City Bank Farmers Trust Co.* v. *Macfadden*, 13 A D 2d 395, 400.) There is, however, a basis for collateral estoppel, if the issue previously determined was essential to the prior judgment and is dispositive of the causes of action here involved.

Judge DESMOND in *Commissioners of State Ins. Fund* v. *Low* (3 N Y 2d 590, 595), adverting to collateral estoppel, said: " That doctrine is elusive and difficult to apply case by case but it is essentially a rule of justice and fairness." The very nature of the defense impels adherence to the policy of this Department refusing to entertain objections to the sufficiency of a defense sought to be interposed unless it is obviously insufficient. (*State Bank* v. *Keshin, Blitstein & Co.*, 165 App. Div. 974; *Martin* v. *Katz*, 15 A D 2d 767.) *Minkoff* v. *Brenner* (10 N Y 2d 1030) is not authority to the contrary. There, leave to amend the answer to include the defense of res judicata was denied on the authority of *Glaser* v. *Huette* (232 App. Div. 119, affd. 256 N. Y. 686). *Glaser* held that in an action for negligence the plaintiff was not estopped by a prior judgment for property damage in favor of a third person against the plaintiff and the defendant. *Minkoff* involved only a question of law and reaffirmed *Glaser* in the light of *Israel* v. *Wood Dolson Co.* (1 N Y 2d 116). Here there are mixed questions of law and fact.

Assuming the allegations of the defendants as we must (*Krantz* v. *Garmise*, 13 A D 2d 426, 429), it would appear that the plaintiff was defeated in the prior action to recover medical

payments because the intestate's injuries were not caused by the occurrence here complained of. If the intestate's injuries did not result from the said occurrence, there is no actionable negligence. (*Brazos* v. *Brumidge,* 6 A D 2d 494, 496–497.)

*Israel* v. *Wood Dolson Co.* (*supra*) involved the collateral estoppel rule. (See *Commissioners of State Ins. Fund* v. *Low, supra,* p. 596.) The prior judgment relied on in *Israel* by defendant Gross resulted from litigation between the plaintiff and defendant Wood Dolson pertaining to a cause of action other than the one against Gross. There was no privity between Wood Dolson and Gross. However, it was held the prior adjudication that plaintiff had not introduced Gross to the transaction with Wood Dolson estopped plaintiff from thereafter establishing otherwise.

In *Israel* there could be no recovery against Gross if there was no breach of the contract by Wood Dolson. The fact that *Israel* had a full opportunity to establish the breach was held to preclude him from relitigating the same issue with Gross despite the absence of mutuality and privity.

In their essentials this and the *Israel* case are similar. Here, plaintiff has litigated the issue as to causal relation between the occurrence and his intestate's injuries; the issue was adjudicated against plaintiff. Consequently, plaintiff may be estopped from establishing an essential of his causes of action.

If despite *Israel* there need be privity between defendants and Atlantic National Insurance Company, the prevailing party in the prior suit, then it suffices that defendant Friedman is the insured as to the policy issued by Atlantic and that Atlantic is Friedman's indemnitor as to the liability here involved which brings within its scope the injuries and medical expense litigated in the prior action. (*Hinchey* v. *Sellers,* 7 N Y 2d 287, 295.) The prior adjudication is also available to the codefendant Park Lane Motors, Inc. (*Vidor* v. *Serlin,* 7 N Y 2d 502, 510.)

The relevancy of mutuality and privity depends on whether *res judicata* or collateral estoppel is invoked. *Res judicata* precludes subsequent litigation as to matters litigated and, in addition, which might have been litigated; it requires only the opportunity to litigate and the fact that it was not availed of does not impair the effect of the judgment on subsequent litigation. (*Statter* v. *Statter,* 2 N Y 2d 668.) If, in fact, the decisive issue has not been litigated in the prior action, then to invoke *res judicata* mutuality and privity must be demonstrated and privity must be present as between the party against whom the plea is made and the party in the prior action against whom the determination was made; privity is also required between the

prevailing party in the prior action and the party relying on *res judicata* in the subsequent litigation. (*Statter* v. *Statter, supra*; *Matter of New York State Labor Relations Bd.* v. *Holland Laundry,* 294 N. Y. 480, 493–494.)

The relevance of mutuality and privity is reduced when the pertinent issue has been litigated. In *Israel* there was no privity between the defendant Gross and Wood Dolson, the prevailing party in the prior litigation. (See, also, *Wolfson* v. *Mandell,* 11 N Y 2d 704; *Good Health Dairy Prods. Corp.* v. *Emery,* 275 N. Y. 14, 18.) On the other hand, privity is essential between the party against whom the plea of *res judicata* or collateral estoppel is asserted and the party in the prior litigation against whom the determination was made. (*Commissioners of State Ins. Fund* v. *Low, supra*; *Israel* v. *Wood Dolson Co., supra,* p. 119.) Moreover, the party sought to be estopped must have had a full and complete opportunity to be heard. (*Commissioners of State Ins. Fund* v. *Low, supra,* pp. 595–596; *Hinchey* v. *Sellers, supra,* p. 294.)

In *Glaser* v. *Huette* (232 App. Div. 119, *supra*), Justice McAvoy writing for the Appellate Division held: "no duty existed to contest the issue of negligence as between them and no pleadings existed between them, the decisions there settled nothing as to the liability of the codefendants to each other. Therefore, the plea of *res adjudicata* was not available to this defendant." The opportunity to be heard therefore must be with respect to the issue determinative of the subsequent litigation.

Collateral estoppel concededly involves practical considerations. They may prompt one not to proceed against a codefendant and to limit himself to defending a charge of negligence as in *Glaser,* and legal concepts as to privity may yield if the party sought to be estopped has not, in fact, litigated the issue as in *Commissioners of State Ins. Fund* v. *Low* (*supra*). Here, however, plaintiff in the prior action was totally committed and had full opportunity to establish his claim and it does not appear that he was under any restraint in its prosecution.

It is, of course, incumbent on the defendants to establish the proceedings in the prior litigation and the determination relied on. (*Marine Tr. Corp.* v. *Switzerland Gen. Ins. Co. of Zurich,* 263 N. Y. 139, 147; *City Bank Farmers Trust Co.* v. *Macfadden,* 13 A D 2d 395, 400, *supra*.)

We do not decide that the issues in this and the prior action are identical or any other issues of the proposed defense. We merely hold it involves issues requiring a trial or a direct attack by an appropriate motion. (Cf. *Matter of Ellis* v. *State of New*

*York,* 12 A D 2d 684.) It is not so patently insufficient as to warrant summary disposition on a motion for leave to amend an answer.

The order should be reversed, on the law and on the facts, with cost to defendants-appellants, and the motion granted to the extent of permitting the service of an amended answer pleading collateral estoppel as a defense.

BREITEL, J. P. (dissenting). Defendants moved for leave to amend their answer to include a defense of *res judicata* in this personal injury and wrongful death negligence action. The order denying the motion should be affirmed if the defense is patently insufficient.

The defense is patently insufficient because, in the prior action in which plaintiff failed to recover, as compared with the instant action, the defendants in neither are the same* nor do they bear to one another any relevant jural relationship, and because the causes of action are entirely different and independent of each other.

The present tort action is brought to recover for personal injuries and wrongful death sustained by plaintiff's decedent while a passenger in her son's automobile. The present defendants are the owner of the automobile and the son, who was the operator. The prior contract action was brought by plaintiff directly against the son's insurance company for medical payments (limited to $2,000), under a liability policy which carried the separate contract provision for medical payments payable to injured passengers, independent of any liability based on fault in negligence or otherwise. In the prior action the jury determined the issues in favor of the defendant insurance company. One of the issues was whether decedent was injured while a passenger in the automobile at the time. Judgment ensued in favor of defendant insurance company. It is this judgment defendants in this case would interpose as a defense to the action based on liability in tort.

There is an identity of issue in both cases, namely, whether decedent was injured in the automobile at the time of the accident, but that is the only identical issue. The other issues are different, the nature of the cause of action is different, and, of critical significance, the parties defendant are different. Moreover, such defendants are utterly unrelated by any species of privity, derivation or dependency of claim, or right to indemnity.

---

* Defendant Bernard Friedman, the operator of the automobile in suit, was originally a plaintiff in the prior action, but he ceased to be a party before the trial and judgment.

Generally, the doctrine of *res judicata* applies to judgments rendered between the same parties on the same cause of action. In that case, the test is whether a contrary subsequent judgment would undermine the prior judgment (*Statter* v. *Statter*, 2 N Y 2d 668; *Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 N. Y. 304). Collateral estoppel will apply to judgments rendered between the same parties on different causes of action where identical issues have been actually litigated (*Matter of Fairmeadows Mobile Vil.* v. *Shaw*, 16 A D 2d 137 [per BASTOW, J.]). Where the parties are different there are only a few classes of exceptions in which collateral estoppel will apply (*Good Health Dairy Prods. Corp.* v. *Emery*, 275 N. Y. 14, 17–18; Restatement, Judgments, § 93).

A classic exception is one where a plaintiff has been defeated in a prior action against the present defendant's indemnitor (*Hinchey* v. *Sellers*, 7 N Y 2d 287, 295; Restatement, Judgments, §§ 96, 97). The reverse is not an exception, namely, where plaintiff has been defeated in a prior action against the indemnitee, although, of course, the issues are identical (Restatement, Judgments, §§ 96, 97; see *Manard* v. *Hardware Mut. Cas. Co.*, 12 A D 2d 29 and cases cited). Another exception is where plaintiff sues on a cause of action that is derivative from or dependent upon a prior cause of action against another on which the prior defendant obtained a dismissal on the merits. Such a case is *Israel* v. *Wood Dolson Co.* (1 N Y 2d 116). There, a plaintiff suing for tortious interference with plaintiff's contract for brokerage commissions was held barred from recovery by a prior judgment which determined that plaintiff had no contract for commissions to begin with (see Restatement, Judgments, § 99, especially Illustration 1).*

---

\* The Restatement expresses the rule in the *Wood Dolson* case as follows:

"§ 99. WHERE LIABILITY OF A PERSON IS BASED SOLELY UPON THE ACT OF ANOTHER.

"A valid judgment on the merits and not based on a personal defense, in favor of a person charged with the commission of a tort or a breach of contract, bars a subsequent action by the plaintiff against another responsible for the conduct of such person if the action is based solely upon the existence of a tort or breach of contract by such person, whether or not the other person has a right of indemnity."

Illustration 1 is substantially the *Wood Dolson* case:

"1. A, without privilege, induces B to break a contract with C. In an action for breach of contract by C against B the court finds that B committed no breach of contract, not because of any personal privilege but because the terms of the contract did not provide against the conduct charged to be a breach of contract. In a subsequent action by C against A the prior judgment is a complete defense."

In this case, there is no relevant relationship of any kind, between defendants here and the defendant insurance company in the prior action, upon which a right of indemnity might depend. Nor is the tort cause of action here dependent upon or derived from any right in contract involved in that action for which either party in this action might be responsible (Restatement, Judgments, § 99).

In *Israel* v. *Wood Dolson Co.* (*supra*) the Court of Appeals discussed several classes of exceptions. The reference to the test of " identity of issues " was in the expressed context of the relationships of privity, indemnity, or dependent cause of action. Nothing in the case suggests that it always suffices to base collateral estoppel against a party merely upon one identical issue in otherwise different litigations with different parties. Whether viewed as a matter of privity or dependency of causes of action, the same principle on the same rationale in the *Wood Dolson* case was applied subsequently in *Vidor* v. *Serlin* (7 N Y 2d 502, 510). On the other hand, it has given this court and the Court of Appeals little difficulty, even after the pronouncement of the rule in the *Wood Dolson* case, that neither of two joint tort-feasors is barred from suing the other for negligence, after a prior judgment recovered against both for negligence in the same accident, although, again, there were identical issues (*Friedman* v. *Salvati*, 11 A D 2d 104; *Minkoff* v. *Brenner*, 13 A D 2d 838, affd. 10 N Y 2d 1030; compare *Ordway* v. *White*, 14 A D 2d 498, concurring opinion by HALPERN, J.).

Needless to say, the doctrine of *res judicata*, and the corollary doctrine of collateral estoppel are realistic doctrines based upon the interest of justice and economy of resources devoted to the administration of justice. It has always been realistically recognized that in different litigations there may be different commitments of effort and expense depending upon the possible results, and that, in litigations between different litigants, there may also be different commitments and, consequently, inconsistent results (*Commissioners of State Ins. Fund* v. *Low*, 3 N Y 2d 590, 595–596, in which, in addition, the Court of Appeals expressed a caveat as to the scope of the rule in the *Wood Dolson* case, *supra*; see, also, *Bruszewski* v. *United States*, 181 F. 2d 419, especially concurring opinion by GOODRICH, C. J.; *Eisel* v. *Columbia Packing Co.*, 181 F. Supp. 298, especially 301 [WYZANSKI, D. J.]).

The defense, on any view, is neither sham nor frivolous. On the contrary, the allegations appear to be demonstrably true. The question, one purely of law, is whether the defense, even if the allegations be true, is sufficient. The difference is that

between rules 103 and 109 of the Rules of Civil Practice. This may be bypassed now (as Special Term did not) but the same question, on the same record, and on substantially the same briefs, would arise on a motion by plaintiff to strike the defense as legally insufficient (under Rules Civ. Prac., rule 109) and a cross motion by defendant for summary judgment (under Rules Civ. Prac., rule 113).

Of course, where a question of law is involved which may be determinative of the case, no useful litigation purpose is served by failing to decide it definitively, and passing the problem indecisively to be reviewed at *nisi prius*.

Accordingly, I dissent and vote to affirm the order denying defendants' motion to serve an amended answer.

RABIN, J., concurs with McNALLY, J.; VALENTE J., concurs in result; BREITEL, J. P., dissents in opinion in which EAGER, J., concurs.

Order, entered on July 2, 1962, reversed, on the law and on the facts, with $20 costs and disbursements to the appellants, and the motion granted to the extent of permitting the service of an amended answer pleading collateral estoppel as a defense.