■ REPUBLIC NEW YORK CORPORATION et al., Respondents, v AMERICAN HOME ASSURANCE COMPANY, Appellant.—Order of the Supreme Court, New York County (Lester Evens, J.), entered May 2, 1986, which denied defendant-appellant's motion for summary judgment pursuant to CPLR 3212 on the grounds that plaintiff-respondent, insured under a policy issued by the defendant-appellant, failed to give timely notice of a claim of damage under the insurance policy and failed to commence the instant action within the time for suit as required by the insurance policy, unanimously reversed, on the law, and the motion granted, without costs.

In 1983, respondent Republic was constructing its new world headquarters between 39th and 40th Streets on Fifth Avenue. To take advantage of the view up Fifth Avenue, Republic's architects decided to install floor-to-ceiling windows. During and after glaziers installed the windows, welders worked nearby. The welding caused red-hot pieces of metal to strike the windows. In late November 1983, the architects notified Republic of windows damaged by hot metal on the 13th to 22nd floors. In late December, Republic was told of similar damage on the 23rd to 28th floors. As a result, the architects pointed out, Republic might have to replace the windows. Furthermore, on February 1, 1984, Republic's construction manager urgently requested Republic to notify the insurer. Instead, Republic waited until March 15, 1984 before reporting the damage to appellant American Home.

When American Home refused to pay Republic's claim, Republic sued to recover. American Home answered and moved for summary judgment, contending Republic failed to give timely notice of its loss. The court below denied American Home's motion. We reverse.

Under its insurance policy, in the event of loss or damage, Republic was obligated to give notice to American Home "as soon thereafter as practicable". Failure to do so would "invalidate any claim * * * for such loss". Thus, the only relevant issue is whether Republic gave timely notice to American Home. Republic was told of the damage in late November and late December. It did not notify American Home until mid-March. Republic's president and chief executive officer justified this inaction because he was "struggling to reconcile opposing viewpoints" over whether the glass had to be replaced.

As we have stated, however, when the policy unambiguously calls for the insured to notify its insurer of damage as soon as practicable, "No exception is made for losses which appear insubstantial or which in the insured's estimation may not ultimately ripen into a claim. The import is clear; all losses are to be reported as soon as practicable if they are to become the basis of a claim." *(Power Auth. v Westinghouse Elec. Corp.,* 117 AD2d 336, 340.) If Republic wanted to preserve its right to collect, it had to inform American Home about the possibility of a claim as soon as practicable. Even when the record is viewed as favorably as possible for Republic, it failed to give notice for 45 days. Moreover, Republic appeared to know of the damage as far back as late November and late December. Consequently, it cannot be said that Republic notified Ameri-

can Home as soon as practicable. Concur—Kupferman, J. P., Ross, Asch and Kassal, JJ.