■ WELLS FARGO BANK, N.A., Appellant, v ZURICH AMERICAN INSURANCE COMPANY et al., Respondents. [874 NYS2d 68]—

Judgment, Supreme Court, New York County (Charles E. Ramos, J.), entered September 10, 2007, after a nonjury trial, inter alia, dismissing the complaint, unanimously affirmed, without costs.

We agree with the trial court that Wells Fargo failed to carry its burden of establishing entitlement to the payment it seeks under the "Creditor Reimbursement for Environmental Damages Insurance" policy issued by Lumbermens Mutual Casualty Company. Notwithstanding Wells Fargo's insistence that, under

---

policies such as this, payment is due by virtue of the borrower's default, this particular policy covers—in the event of a default—loss to the collateral value of the gas stations at issue *due to an "environmental incident" as that term is defined in the policy.* Contrary to Wells Fargo's contention, the trial court correctly construed the terms of the policy in concluding that pollution conditions that were already known before the policy period and remained unchanged during the life of the policy did not constitute an environmental incident. Moreover, only upon timely receipt of proper notice that such an environmental incident had occurred, as well as that the borrower had defaulted, would Lumbermens be obligated to pay the lesser of the loan balance, the fair market value of the collateral at the time of the loan, or the estimated cleanup costs (*see* Insurance Law § 1101 [a]; *Adorable Coat Co. v Connecticut Indem. Co.*, 157 AD2d 366, 369 [1990]).

As the trial court found, Wells Fargo failed to give timely and proper notice of the requisite environmental incidents and failed to prove that it discovered, during the policy period, an environmental incident at four of the covered locations. It also failed to satisfy its burden of proof in establishing the collateral value loss.

The court's sua sponte reversal at trial of its earlier order granting summary judgment to Wells Fargo as to liability on the breach of contract claim does not warrant reversal (*see Ungar v Ensign Bank*, 196 AD2d 204, 208 [1994]). While in the summary judgment motion Wells Fargo asked for a declaration that it was entitled to coverage under the policy, the papers submitted in support of the motion did not establish the type of notice necessary to justify such a declaration. Proper notice is a prerequisite to an insurer's liability, and the failure to establish it, as a matter of law, constitutes a failure to demonstrate grounds for summary judgment on the issue of liability (*see Argo Corp. v Greater N.Y. Mut. Ins. Co.*, 4 NY3d 332 [2005]). Wells Fargo merely established that by letter dated August 22, 2002, Orix gave notice of the borrower's default in which it indicated, without *any* particulars, that the properties in question "may have been impacted by releases of petroleum hydrocarbons into the soil and groundwater from underground storage tanks." While the fact of that "notice" was uncontroverted, its content lacked any of the types of particulars that would qualify it as proper notice of a claimed environmental incident as required by the policy.

Notably, in deciding the summary judgment motion, the court did not address the issue of proper timely notice. The issue it

addressed related to Wells Fargo's right to seek relief, based on the assertion that Lumbermens had recognized the REMIC Trust's insurable interest and valid assignment of the policy.

The law of the case rule prohibits a judge or court from modifying a ruling on the merits made by a judge or court of co-ordinate jurisdiction (*see Matter of Haas*, 33 AD2d 1, 7-8 [1969], *lv denied* 26 NY2d 842 [1970]). Yet, it has been said that "[e]very court retains a continuing jurisdiction generally to reconsider any prior intermediate determination it has made" (*Aridas v Caserta*, 41 NY2d 1059, 1061 [1977]). The trial court's reconsideration of Lumbermens' liability under the contract would appear to fall under the latter category, but, even if the law of the case rule precluded the court from altering an earlier, erroneous grant of summary judgment on Wells Fargo's first cause of action, it has no binding force on appeal (*see Martin v City of Cohoes*, 37 NY2d 162, 165 [1975]). The trial record establishes that Wells Fargo possessed a detailed spreadsheet dated August 2002 with particulars of dates and locations of contamination for six of the seven sites at issue, and had sufficient particulars as to the seventh by October 2003. Thus, it is apparent that timely proper notice could have been, but was not, given to Lumbermens, and the holding that Lumbermens was liable as a matter of law to pay under the policy would have been reversed by this Court in any event.

The evidence Lumbermens offered at trial on the issue of notice was properly admitted, since the issue of notice had remained relevant to a determination of damages. Moreover, nothing in the record established any waiver by Lumbermens of the defense of untimely notice; nor was its disclaimer untimely.

In view of the evidence that Wells Fargo possessed information about six of the sites at issue as early as August 2002 but failed to disclose this information to Lumbermens until well after commencement of this action, and had information about the seventh in October 2003 that it failed to disclose to Lumbermens for almost a year, the trial court correctly found that Wells Fargo failed to provide timely and proper notice (*see Republic N.Y. Corp. v American Home Assur. Co.*, 125 AD2d 247 [1986]; *Ogden Corp. v Travelers Indem. Co.*, 924 F2d 39, 43 [2d Cir 1991]).

Even if we concluded that the notice issue was not dispositive, we would nevertheless uphold the dismissal because we agree with the trial court that Wells Fargo failed to prove its damages. To satisfy its burden, Wells Fargo had to establish, through admissible evidence, values for each of the three different measures of loss, since the court could not determine from

Wells Fargo's evidence the loss created by the relevant environmental cleanup costs. Even if the court erred in striking Wells Fargo's expert testimony in connection with those environmental cleanup costs (*see Santariga v McCann*, 161 AD2d 320, 321-322 [1990]), we agree with the trial court that the proffered testimony was speculative and could not successfully establish such costs (*see Pember v Carlson*, 45 AD3d 1092, 1094 [2007]). We find no evidentiary support in the record for Wells Fargo's contention that Lumbermens breached the contract by failing to negotiate on the cleanup costs at the covered locations.

We have considered Wells Fargo's remaining arguments and find them unavailing. Concur—Tom, J.P., Saxe, Sweeny, Catterson and DeGrasse, JJ.