■ DALE KLEINSER, Respondent, v MARK ASTARITA et al., Appellants. [878 NYS2d 28]—

Order, Supreme Court, New York County (Judith J. Gische,

J.), entered December 9, 2008, which, in an action for legal malpractice, granted plaintiff's motion to join additional parties, unanimously affirmed, with costs.

Plaintiff pro se served an amended complaint without leave of the court in which he named as additional defendants four partners of the law firm that had represented him in the underlying action. Defendants moved to dismiss the amended complaint on the ground that the newly added partners had no connection with the underlying action or contact with plaintiff. The motion court, after noting that the amended complaint was improperly served without court leave, dismissed it as against the newly added partners for failure to state a cause of action as against them "in their individual capacity." Several months later, plaintiff moved for leave to add the same four partners, submitting a proposed second amended complaint that was the same as the first except that it added an allegation that the four were partners of the firm at the time of the alleged malpractice "and are each individually, jointly and severally, liable for the acts and omissions of their partners." The motion court characterized the claim against the proposed four new defendants as "colorable," citing Partnership Law § 26, and granted plaintiff leave to add them.

On appeal, defendants do not argue that the amended complaint fails to state a cause of action as against the four newly added defendants, but rather that the court, in permitting their joinder, violated the law of the case doctrine, exceeded its authority by exercising appellate jurisdiction to sua sponte vacate its own order, and erroneously granted what was actually an untimely motion to reargue. The law of the case doctrine, however, is not implicated because the court did not alter a ruling by another court of coordinate jurisdiction but rather its own ruling (*Wells Fargo Bank, N.A. v Zurich Am. Ins. Co.*, 59 AD3d 333 [2009]). "[E]very court retains continuing jurisdiction to reconsider its [own] prior interlocutory orders during the pendency of the action" (*Liss v Trans Auto Sys.*, 68 NY2d 15, 20 [1986]), and may do so "regardless of statutory time limits concerning motions to reargue" (*id.*). Thus, even if plaintiff's motion for leave to add the four partners were a belated motion to reargue the prior order dismissing the action as against those partners for failure to state a cause of action, the court had discretion to reconsider its prior order, sua sponte, and correct it. Such discretion was properly exercised here in view of plaintiff's pro se status. Concur—Andrias, J.P., Catterson, DeGrasse and Richter, JJ. [*See* 2008 NY Slip Op 33288(U).]