■ WALTER R. YETNIKOFF, Appellant, v TERESITA MASCARDO et al., Respondents, et al., Defendants. [882 NYS2d 9]—

Judgment, Supreme Court, New York County (Marylin G. Diamond, J.), entered June 3, 2008, awarding defendants Mascardo, Ashe Group and Tirosh (the landlord defendants) collectively the principal sum of $101,750, unanimously affirmed, with costs. Appeals from orders, same court and Justice, entered (1) May 10, 2007, which denied plaintiff's motion to consolidate this action with another pending in Civil Court; (2) September 5, 2007, which granted the landlord defendants' motion to clarify the prior order; (3) January 25, 2008, which denied plaintiff's motion to amend the complaint, sua sponte dismissed the first and second causes of action of the complaint, granted on default the landlord defendants' motion for summary judgment on their first and third counterclaims, severed six of plaintiff's causes of action and the second counterclaim and transferred the action to Civil Court; and (4) April 21, 2008, which denied plaintiff's motion to vacate its default in the prior order on the ground of excusable default, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Plaintiff alleged that Tirosh, a real estate salesperson employed by Ashe Group, showed him a luxury apartment in a building owned by Mascardo and represented that it was quiet. When plaintiff moved into the apartment, he allegedly discovered a school playground adjoining the building's backyard where children played several hours a day, making a lot of noise.

Plaintiff paid the first month's rent, bounced the check for the next month's rent (which he claims was inadvertent), and then ceased making rent payments, allegedly because of the noise. The landlord commenced proceedings in Civil Court, and plaintiff countered with this action and one in federal court against the landlord defendants and the law firm and attorney representing them. Plaintiff unsuccessfully sought to consolidate the Civil Court proceeding with the instant action.

In denying the consolidation motion, the court noted the statement of the landlord defendants' counsel that the landlord had acquiesced to rescission of the lease. The landlord defendants moved to correct this statement by the court on the ground that it was based on an error by their counsel. The landlord stated she would agree to rescind the lease only after

plaintiff moved from the apartment. The court granted the motion clarifying its earlier decision and noted that the landlord was not bound by the erroneous statement in the prior order.

Plaintiff moved to amend the complaint to add claims against a co-owner of the building and the landlord defendants' counsel based on an alleged assault and battery. The landlord defendants moved for summary judgment on their counterclaims for 11 months of unpaid rent, plaintiff still not having vacated the apartment. Plaintiff failed to oppose the summary judgment motion, which was granted on default. The court also dismissed plaintiff's claims of fraudulent inducement and breach of the warranty of quiet enjoyment and habitability. Plaintiff's motion to amend the complaint was denied, and the balance of the action was remanded to Civil Court under CPLR 325 (d).

Plaintiff moved to vacate his default, arguing he had never received the landlord defendants' motion for summary judgment on the counterclaims. This motion was also denied on the ground that plaintiff failed to provide a reasonable excuse for his default or evidence of a meritorious defense.

With respect to the court's modification of its statement concerning the landlord's position on rescission, the court correctly found that counsel's statement that she had made a mistake in communicating to the court was new evidence properly considered on the motion. The law of the case is not implicated when a court alters its own ruling (*see Wells Fargo Bank, N.A. v Zurich Am. Ins. Co.*, 59 AD3d 333, 335 [2009]).

With respect to their summary judgment motion, the landlord defendants made a prima facie showing that plaintiff had failed to pay rent for several months, even while continuing to reside in the "excessively noisy apartment." Plaintiff's counterclaim defenses of fraudulent inducement and rescission did not raise a triable issue of material fact sufficient to defeat the motion. Unsworn defenses are not probative evidence (*see Access Capital v DeCicco*, 302 AD2d 48, 54 [2002]). The fraudulent inducement defense was also insufficiently particular. Moreover, rescission is an equitable defense, and plaintiff had an adequate remedy at law for money damages.

Plaintiff's motion to vacate his default was properly denied because he failed to rebut the presumption of proper mailing and also failed to establish a meritorious defense to the action. With respect to his defenses to the counterclaims, plaintiff simply recited those allegations verbatim, never addressing the undisputed fact that he continued to live in the apartment for almost a year without paying rent despite the allegedly intolerable noise (*see Barash v Pennsylvania Term. Real Estate Corp.*,

26 NY2d 77, 83 [1970]). He also failed to detail the allegedly fraudulent statements made to him, and provided nothing suggesting the statements were knowingly false when made.

Finally, the court correctly denied plaintiff's motion to amend the complaint after it had granted summary judgment to the landlord defendants on plaintiff's first two causes of action and remanded the balance of the action to Civil Court. Adding an alleged co-owner of the building as a party—an individual with no connection to the events at issue—would have been pointless. As to his claims against the landlord defendants' counsel, plaintiff was free to pursue them in a separate action.

We have reviewed plaintiff's other arguments and find them without merit. Concur—Mazzarelli, J.P., Sweeny, DeGrasse, Freedman and Abdus-Salaam, JJ.