Contrary to plaintiffs’ claim, we did not decide in the prior appeal (96 AD3d 513 [1st Dept 2012]) whether the complaint stated a cause of action for conversion; hence, law of the case does not require reversal of the judgment currently under appeal.
The motion court did not impermissibly act sua sponte in changing the grounds for dismissal of the conversion claims; rather, it was reacting to the arguments made by plaintiffs in opposition to defendants’ motion to reargue (see Marx v Marx, 258 AD2d 366, 367 [1st Dept 1999]; Goldstein Affiliates v Len Art Knitting Corp., 75 AD2d 551 [1st Dept 1980]). In any event, the court had discretion to reconsider its own prior interlocutory order (see e.g. Kleinser v Astarita, 61 AD3d 597 [1st Dept 2009]).
Accepting the complaint and the materials submitted on the various motions as true, as we must on a CPLR 3211 (a) (7) motion to dismiss, we find that they show that plaintiffs have a claim for conversion of the Picasso and Vlaminck paintings but not for the jewelry (see e.g. Colavito v New York Organ Donor Network, Inc., 8 NY3d 43, 49-50 [2006]). The complaint and the affidavits show that on February 4, 2008, defendant Mohamed Serry purchased a Picasso glasswork at the Original Miami Antique Show and had it shipped to his office/gallery; in or about June 2008, plaintiff Komolov purchased from defendants a Picasso painting on glass known as “Portrait de famille” and depicted in the record on appeal; that Komolov’s office was lo *640 cated next to defendants’; in March 2010, while Komolov was away on a business trip, defendants Serry and Segal told nonparty Selvin Paz to remove “Portrait de famille” from Komolov’s office, place it within defendants’ company’s control, and not to return it to Komolov; and on or about March 16, 2010, Komolov tried to pick up “Portrait de famille,” but Serry told nonparty Raul Giansante not to release it to Komolov.
The complaint and the affidavits also show that in May or July 2008, Komolov bought from defendants a Vlaminck painting known as “Night View” and depicted in the record on appeal; at the beginning of March 2010, Serry told Giansante and Paz to remove the Vlaminck painting from Komolov’s office, which they did; and on or about March 16, 2010, Serry told Giansante not to release to Komolov anything that Komolov wanted to retrieve.
However, with respect to the jeweliy, plaintiffs failed to satisfy the element of “defendant[s’] dominion over the property or interference with it, in derogation of plaintiff[s’] rights” (see Dobroshi v Bank of Am., N.A., 65 AD3d 882, 885 [1st Dept 2009], lv dismissed 14 NY3d 785 [2010]). Neither Giansante nor Paz said he removed any jewelry from Komolov’s office. While Komolov said the jewelry was taken from his office while he was away, he did not say by whom, and he could not have had direct knowledge because he was not present when the jewelry was removed.
In addition, with respect to the sapphire ring, plaintiffs failed to show “legal ownership or an immediate superior right of possession to a specific identifiable thing” (Messiah’s Covenant Community Church v Weinbaum, 74 AD3d 916, 919 [2d Dept 2010]). The complaint alleges that defendants converted a sapphire ring, but the photograph attached to the complaint shows merely a sapphire (i.e., a gemstone). The affidavits give no further details about the ring. Concur — Friedman, J.P., Acosta, Renwick, Richter and Román, JJ.