■ METRO FOUNDATION CONTRACTORS, INC., Appellant, v MARCO MARTELLI ASSOCIATES, INC., Respondent. [43 NYS3d 44]—

Orders, Supreme Court, New York County (Anil C. Singh, J.), entered May 11, 2015, which, to the extent appealed from, granted defendant's motion for leave to amend its answer and for summary judgment dismissing the complaint, and denied plaintiff's motion for partial summary judgment on its second, third, and fourth causes of action, unanimously affirmed, with costs.

The court properly granted defendant leave to amend its answer to assert the defenses of collateral estoppel and res judicata since plaintiff failed to show that it was prejudiced by the amendment of the answer to assert legal theories not requiring additional discovery or trial preparation (*see Briarpatch Ltd., L.P. v Briarpatch Film Corp.*, 60 AD3d 585, 585 [1st Dept 2009]; CPLR 3025 [b]).

The court correctly dismissed the breach of contract causes of action as barred by the doctrine of collateral estoppel (*see Friedman v Park Lane Motors*, 18 AD2d 262, 268 [1st Dept 1963]). The judgment dismissing the action brought by plaintiff in federal court against defendant's surety (based on defendant's alleged failure to pay plaintiff in accord with the contract), although obtained on default, is a proper basis for collateral estoppel since it resulted from plaintiff's willful and repeated

refusal to provide discovery in that action (*see Kanat v Ochsner*, 301 AD2d 456 [1st Dept 2003]; *Matter of Abady*, 22 AD3d 71, 85 [1st Dept 2005]). Plaintiff may not re-litigate the contract issues against defendant, because those issues, which plaintiff had a full and fair opportunity to litigate in the federal action but "affirmatively chose not to by [its] own failure to comply with court orders" (*Kanat*, 301 AD2d at 458), are dispositive here.

Plaintiff's claims for quantum meruit and unjust enrichment are precluded by the valid contract between the parties (*Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 388 [1987]). Concur—Tom, J.P., Friedman, Saxe, Feinman and Kahn, JJ.