■ L.E.K. Consulting LLC, Respondent, v Menlo Capital Group, LLC, Appellant/Third-Party Plaintiff. (And a Third-Party Action). [52 NYS3d 1]—

Judgment, Supreme Court, New York County (Charles E. Ramos, J.), entered December 11, 2015, in favor of plaintiff and against defendant in the amount of $699,479.09, unanimously affirmed, with costs.

Supreme Court properly considered plaintiff's second summary judgment motion as plaintiff's claims could be disposed of quickly without further burdening the resources of the court (*Varsity Tr. v Board of Educ. of City of N.Y.*, 300 AD2d 38, 39 [1st Dept 2002]), and the court is free to "reconsider its [own] prior interlocutory orders during the pendency of the action, and may do so regardless of statutory time limits concerning motions to reargue" (*Kleinser v Astarita*, 61 AD3d 597, 598 [1st Dept 2009] [internal citation and quotation marks omitted]; *see also Komolov v Segal*, 101 AD3d 639, 639 [1st Dept 2012]).

The letter agreement, dated May 13, 2010, entered into by plaintiff and defendant was not ambiguous. It clearly provided that plaintiff would provide certain due diligence services and would receive payment from defendant for such services.

Because the letter agreement is not ambiguous, there is no need to look to extrinsic evidence (*see Reiss v Financial Performance Corp.*, 97 NY2d 195, 199 [2001]). While defendant may have had a side agreement with third-party defendant Citi Venture Capital International (CVCI) that CVCI was to ultimately bear the costs of plaintiff's services, such agreement does not affect defendant's liability under the May 13, 2010 letter agreement. Plaintiff also provided prima facie evidence that it performed the services detailed in the letter agreement, and that it has not been paid for such services. Accordingly, Supreme Court properly granted summary judgment on plaintiff's breach of contract claim. Defendant's argument that it was acting as an agent of a disclosed principal, CVCI, is without merit as there is no evidence of such agency relationship in the contract. Indeed, there is evidence that defendant was the beneficiary of the letter agreement.

Plaintiff also established prima facie entitlement to summary judgment on its account stated claim as it provided evidence of the invoices, receipt by defendant, and lack of objection by defendant for a substantial period of time (*see Matter of Lawrence*, 24 NY3d 320, 343 [2014], citing *Whiteman, Osterman & Hanna, LLP v Oppitz*, 105 AD3d 1162, 1163 [3d Dept 2013]).

Supreme Court should have dismissed the quantum meruit claim as plaintiff's recovery on this claim is precluded by the fact that the letter agreement is a valid contract (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 388 [1987]; *Metro Found. Contrs., Inc. v Marco Martelli Assoc., Inc.*, 145 AD3d 526, 526 [1st Dept 2016]).

We have considered defendant's remaining contentions and find them unavailing. Concur—Tom, J.P., Acosta, Kapnick, Kahn and Gesmer, JJ.