304 PAS Owner LLC, Petitioner-Landlord-Appellant,
against
Life Extension Realty LLC, Respondent-Tenant-Respondent, -and- Path Medical P.C. and Total Health Nutrients, Inc., Additional Respondents- Undertenants-Respondents, -and- Bioreference Laboratories, Additional Respondent-Undertenant.



Landlord, as limited by its briefs, appeals, from an order of the Civil Court of the City of New York, New York County (Joan M. Kenney, J.), dated December 21, 2017, insofar as it granted the motion of additional respondents-undertenants Path Medical P.C. and Total Health Nutrients, Inc. for summary judgment dismissing the proceeding as against them, and denied landlord's cross motion for summary judgment in a commercial holdover summary proceeding.




Per Curiam.
Order (Joan M. Kenney, J.), dated December 21, 2017, insofar as appealed from, reversed, with $10 costs, additional respondents-undertenants motion denied, petition reinstated as to said additional respondents-undertenants, landlord's cross motion for summary judgment of possession granted, landlord's claims for rent, additional rent and/or use and occupancy accruing prior to April 1, 2017 severed, on consent, and matter remanded to Civil Court for a determination of landlord's claims for use and occupancy accruing on or after April 1, 2017. Execution of the warrant of eviction shall be stayed for 30 days from the service of a copy of this order with notice of entry.
The motion by additional respondents-undertenants' for summary judgment dismissing the holdover petition should have been denied. The "30-day notice provision of Real Property [*2]Law § 232-a is applicable only to... the immediate tenant of the lessor" (170 W. 85th St. Tenants Assn. v Cruz, 173 AD2d 338, 339 [1991]) and an undertenant, whether licensee, subtenant or occupant, need not be served with the notice of termination (see e.g., 539 W 156, L.L.C. v Hernandez, 55 Misc 3d 144[A], 2017 NY Slip Op 50663[U][App Term, 1st Dept 2017]).
Civil Court should have granted landlord's cross motion for summary judgment of possession. "Although successive motions for summary judgment are disfavored, a subsequent summary judgment motion may be properly entertained when it is substantively valid and the granting of the motion will further the ends of justice and eliminate an unnecessary burden on the resources of the courts" (Graham v City of New York, 136 AD3d 747, 748 [2016], lv denied 27 NY3d 907 [2016]; see L.E.K. Consulting LLC v Menlo Capital Group, LLC, 148 AD3d 527 [2017]). Here, landlord's cross motion was substantively valid and conclusively established, inter alia, that the governing commercial lease agreement expired by its terms on July 31, 2016, and that respondents had no right of continued occupancy of the commercial premises. In opposition, respondents failed to raise any triable issue of fact regarding possession.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: July 02, 2018