Independent Chem. Corp. v Puthanpurayil (2018 NY Slip Op 07193)





Independent Chem. Corp. v Puthanpurayil


2018 NY Slip Op 07193


Decided on October 25, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 25, 2018

Friedman, J.P., Kapnick, Webber, Oing, Moulton, JJ.


159142/15 7475 7476N

[*1] Independent Chemical Corporation, Plaintiff-Respondent,
v
Sujanan Thundel Puthanpurayil, et al., Defendants-Appellants.


Milman Labuda Law Group PLLC, Lake Success (Netanel Newberger of counsel), for appellants.
Tashlik Goldwyn Levy LLP, Great Neck (Jeffrey N. Levy of counsel), for respondent.



Order, Supreme Court, New York County (Paul A. Goetz, J.), entered April 12, 2018, which, to the extent appealed from, ordered defendants to produce all information relating to their solicitation, sales and profits for customers in six prohibited states and for restricted customers, unanimously affirmed. Order, same court and Justice, entered April 13, 2018, which granted plaintiff's cross motion for reargument of defendants' motion to preclude production of certain customer information, and clarified that defendant Arcadia Chemical and Preservative, LLC is bound by the non-compete injunction, unanimously affirmed.
While defendants argue correctly that a motion for reargument may not be based on new facts (see CPLR 2221[d][2]) or arguments different from those previously asserted (see Matter of Setters v AI Props. & Devs. [USA] Corp., 139 AD3d 492 [1st Dept 2016]), they failed to identify any new facts or arguments in plaintiff's motion. The allegedly new facts were contained in affidavits previously submitted in the context of other motions. The legal arguments were either not new or not relied on by the court. Plaintiff's argument that defendants should have to produce documents concerning all sales and solicitations in violation of the injunction and the parties' Confidentiality, Non-Compete, Non-Solicitation Agreement and Restrictive Covenant (the Agreement) had been advanced previously in the litigation, including in an October 30, 2017 letter to the court.
Defendants are also correct that, in its argument that the injunction prohibited defendant Sujanan Thundel Puthanpurayil from making prohibited sales "individually or through an entity," plaintiff employs language different from that used in the Agreement, which prevents Sujanan from engaging in prohibited conduct "directly or indirectly." However, the court did not adopt plaintiff's formulation. It prohibited Sujanan from soliciting restricted customers "either directly or through defendant Arcadia," a formulation consistent with the terms of the Agreement.
As defendants argue, the orders on appeal essentially reverse the relevant portions of the order, same court (Edwards, J.), entered April 11, 2017, that limited plaintiff's discovery on the ground that the injunction applied to Sujanan only and not to Arcadia. However, the conclusion that the injunction did not apply to Arcadia was based on an erroneously narrow reading of the scope of the prohibited conduct in the Agreement, which disregarded the "directly or indirectly" language therein.
Although plaintiff did not appeal from the April 2017 order or seek relief through reargument, in accordance with the parties' October 2017 so-ordered stipulation, in October 2017, plaintiff submitted its interpretation of the terms of the order, as defendants submitted theirs, and moved for reargument of an order dated December 29, 2017 (and entered January 30, 2018), which was issued in the apparent guise of clarifying the April 2017 order, within one month after the December 2017 order was entered (cf. Ayala v S.S. Fortaleza, 40 AD3d 440 [1st Dept 2007] [appellant left orders undisturbed for years and then attempted to persuade another [*2]Justice of the same court to nullify them]).
Nor does the doctrine of law of the case compel a different conclusion (see People v Cummings, 31 NY3d 204, 208-209 [2018] [no absolute bar to successor justice seeking to rectify predecessor's errors]; Foley v Roche, 86 AD2d 887, 887 [2d Dept 1982] ["plain" error may warrant departure from doctrine], lv denied 56 NY2d 507 [1982]; see also 1 Carmody-Wait 2d § 2:367 [law of case rule is "discretionary"]). In any event, the doctrine has no binding force on appeal (Wells Fargo Bank, N.A. v Zurich Am. Ins. Co., 59 AD3d 333, 335 [1st Dept 2009], lv denied 12 NY3d 713 [2009]).
Defendants argue that they will be irreparably harmed by the ordered disclosure of their entire customer list. However, they do not adequately explain why the Stipulation and Order for the Production and Exchange of Confidential Information, which they agreed to while represented by counsel, does not protect them, and their speculative claims about plaintiff's potential exploitation of information about their customers and suppliers are unsubstantiated by the record.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 25, 2018
CLERK