Jones Law Firm, P.C. v Peck (2024 NY Slip Op 02502)

Jones Law Firm, P.C. v Peck

2024 NY Slip Op 02502

Decided on May 07, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 07, 2024

Before: Webber, J.P., Moulton, Friedman, González, Mendez, JJ. 

Index No. 651700/20 Appeal No. 2225 Case No. 2023-03594 

[*1]Jones Law Firm, P.C., Appellant,
v
Ian Peck, et al., Respondents.

Jones Law Firm, P.C., New York (Elaine Platt of counsel), for appellant.
Press Koral, LLP, New York (Matthew J. Press of counsel), for respondents.

Order, Supreme Court, New York County (Frank P. Nervo, J.), entered on June 27, 2023, which, following an inquest on damages based on defendants' default on plaintiff's complaint alleging breach of contract and accounts stated, denied plaintiff's submissions as deficient and dismissed the complaint, unanimously modified, on the law, to reinstate the complaint and award plaintiff $65,365.05.00 in connection with its account stated claim, and otherwise affirmed, without costs.
The court improperly engaged in a reasonableness analysis with regard to the invoices which were the subject of plaintiff's account stated claim (see Matter of Lawrence, 24 NY3d 320, 343 [2014] ["an attorney or law firm may recover on a cause of action for an account stated with proof that a bill, even if unitemized, was issued to a client and held by the client without objection for an unreasonable period of time(,) (and) need not establish the reasonableness of the fee since the client's act of holding the statement without objection will be construed as acquiescence as to its correctness"] [internal quotation marks and citation omitted]; see L.E.K. Consulting LLC v Menlo Capital Group, LLC, 148 AD3d 527, 528 [1st Dept 2017).
Regarding plaintiff's application for fees for prosecuting the instant collections action, the court did not abuse its discretion in denying those fees. It is undisputed that plaintiff failed to adduce evidence of the comparable rates for attorneys in the jurisdiction, or evidence of the credentials and experience of the attorneys who billed time to the matters. Both are required showings (see People's United Bank v Patio Gardens III, LLC, 143 AD3d 689, 691 [2d Dept 2016]; Gamache v Steinhaus, 7 AD3d 525, 527 [2d Dept 2004]). While the court could have relied upon its own knowledge of rates in the jurisdiction and could have accepted a post-hearing submission to correct these errors, it was not required to do so.
Finally, to the extent the court based its order on a finding that plaintiff had caused or allowed the client defendants to default in the matters in which it represented them, this was error. The dockets and chronology of those actions demonstrate that plaintiff was not responsible for these defaults.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 7, 2024