■■■ In the Matter of the Estate of RICHARD J. O'BRIEN, Deceased.—Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Richard J. O'Brien died, survived by his spouse, proponent Paula H. O'Brien, and his only child, contestant Janet Nevins. Decedent's will leaves his entire estate to proponent and specifically makes no provision for contestant. Proponent, as executrix, petitioned for admission of the will to probate, and contestant filed objections.

Proponent is entitled to summary judgment dismissing contestant's objections SECOND and THIRD, alleging that the will was not executed in accordance with the requirements of EPTL 3-2.1. Proponent's proof establishes scrupulous adherence to the statutory requirements and contestant offers only conclusory allegations in opposition. Summary judgment should also have been granted dismissing objections FOURTH and FIFTH, which allege that decedent lacked testamentary capacity. The record shows that decedent was "of sound mind and memory" at the time the will was executed (EPTL 3-1.1). Evidence that decedent suffered from a number of physical ailments is insufficient to raise a material issue of fact with respect to testamentary capacity, absent proof that decedent's medical conditions affected his competence to make a will *(see, Matter of Bush,* 85 AD2d 887, 888).

Contestant did produce evidentiary proof sufficient to establish the existence of material issues of fact requiring a trial on that part of objection SIXTH alleging undue influence *(see, Zuckerman v City of New York,* 49 NY2d 557, 562; *Miracle Plywood Corp. v Nepperhan Realty Corp.,* 171 AD2d 847). "While summary judgment may be available in probate proceedings *(Matter of Pascal,* 309 NY 108), that remedy is inappropriate in any case where there are material issues of fact *(see,* CPLR 3212 [b])" *(Matter of Pollock,* 64 NY2d 1156, 1158). In light of the disputed evidence regarding " 'all the facts and circumstances surrounding the testator' ", including his relations with contestant and her family, the condition of his health, his dependency upon proponent and proponent's acts and declarations relating to the making of the will *(Matter of Anna,* 248 NY 421, 424; *Rollwagen v Rollwagen,* 63 NY 504, 519; *Matter of Elmore,* 42 AD2d 240, 241), the

Surrogate properly denied summary judgment on that part of objection SIXTH alleging undue influence. However, the record contains no evidence to support contestant's allegation that the will was procured by fraud, and that part of objection SIXTH alleging fraud should be dismissed.

Therefore, the order of Surrogate's Court is modified to grant partial summary judgment to proponent, dismissing contestant's objections SECOND, THIRD, FOURTH, FIFTH and that part of objection SIXTH alleging fraud, and as modified, is affirmed. (Appeal from Order of Niagara County Surrogate's Court, DiFlorio, S.—Will Probate.) Present—Green, J. P., Pine, Balio, Boehm and Davis, JJ.