■ PEACH PARKING CORP., Respondent, v 346 WEST 40TH STREET, LLC, Defendant, and THE HERTZ CORPORATION, Respondent, and KINNEY SYSTEM, INC., Appellant. [859 NYS2d 424]—

Order, Supreme Court, New York County (Walter B. Tolub, J.), entered October 12, 2007, which granted plaintiff's motion to amend the complaint, granted defendant Hertz Corporation's motion to interpose a counterclaim and affirmative defense, and denied defendant Kinney System's motion for costs and fees, unanimously affirmed, without costs.

In this commercial landlord-tenant declaratory judgment action, the court did not improvidently exercise its discretion in granting plaintiff leave to amend its pleadings to add three additional causes of action—against 346 West 40th Street and Kinney for reimbursement for costs of various repairs to the leased premises after it was vacated by Hertz, and against Hertz for reimbursement for the repairs to the extent they were nonstructural and for unpaid rent. Leave was also appropriately granted to Hertz to interpose a counterclaim and the affirmative defense of constructive eviction. There was no showing of prejudice or surprise resulting from the delay in asserting these new claims (*see* CPLR 3025 [b]; *McCaskey, Davies & Assoc. v New York City Health & Hosps. Corp.*, 59 NY2d 755 [1983]; *Fahey v County of Ontario*, 44 NY2d 934 [1978]). Nor were the moving papers unreliable or insufficient to support the claims (*see Daniels v Empire-Orr, Inc.*, 151 AD2d 370, 371 [1989]).

Costs and fees were properly denied. The imposition of costs in connection with such amendments is discretionary (*Continental Cas. Co. v R.S. Look, Inc.*, 212 AD2d 1064 [1995]; *see* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3025:13), and the court specifically found that the motions to amend were neither frivolous nor intended to harass Kinney (22 NYCRR 130-1.1). Concur—Saxe, J.P., Nardelli, Catterson and McGuire, JJ. [*See* 2007 NY Slip Op 34353(U).]