■ BRIARPATCH LIMITED, L.P., et al., Appellants, v BRIARPATCH FILM CORP. et al., Defendants, and VERNER SIMON P.C. et al., Respondents. [876 NYS2d 37]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered June 18, 2008, which denied plaintiffs' motion for leave to amend the third amended complaint, unanimously reversed, on the law, without costs, the motion granted, and the matter remanded for further proceedings including further discovery. Orders, same court and Justice, entered September 12, 2008, which denied renewal of plaintiffs' motion for leave to amend the complaint, and which closed discovery in this action and directed that plaintiffs file a note of issue, unanimously dismissed, without costs, as academic in view of the foregoing.

Leave to amend pleadings is to be freely given, absent a showing of prejudice or surprise (*see* CPLR 3025 [b]; *Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959 [1983]). Here, there was no showing of prejudice or surprise resulting from plaintiffs' delay in asserting new claims to conform the complaint to the proof (CPLR 3025 [c]) and to increase the ad damnum clause, especially in light of the history of defendants' belated responses to plaintiffs' discovery demands (*see Curiale v Ardra Ins. Co.*, 223 AD2d 445 [1996]). Nor were plaintiffs' moving papers unreliable or insufficient to support the new claims (*see Peach Parking Corp. v 346 W. 40th St., LLC*, 52 AD3d 260 [2008]). Defendants' discovery responses were provided to plaintiffs after the latest amendment of the complaint and attached to plaintiffs' motion. The responses sufficiently demonstrated the merits for purposes of amending the complaint to assert new claims for violation of a restraining notice (CPLR 5222) and slander of title (*see 39 Coll. Point Corp. v Transpac Capital Corp.*, 27 AD3d 454 [2006]). Accordingly, leave to amend should have been granted, and discovery should proceed. Concur—Gonzalez, P.J., Tom, Sweeny, Catterson and Renwick, JJ.