■ TRI-TEC DESIGN, INC., Appellant, v ZATEK CORPORATION, Respondent. [998 NYS2d 43]—

Order, Supreme Court, New York County (Anil C. Singh, J.), entered June 28, 2013, which granted defendant's motion to amend its answer to include two counterclaims, unanimously affirmed, without costs.

"Leave to amend the pleadings 'shall be freely given' absent prejudice or surprise resulting directly from the delay" (*McCaskey, Davies & Assoc. v New York City Health & Hosps. Corp.*, 59 NY2d 755, 757 [1983] [citations omitted]). Mere delay in seeking to amend a pleading does not warrant denial of the motion, in the absence of prejudice (*Cherebin v Empress Ambulance Serv., Inc.*, 43 AD3d 364, 365 [1st Dept 2007]). The type of prejudice necessary to warrant denial of the motion "requires 'some indication that the [opposing party] has been hindered in the preparation of [its] case or has been prevented from taking some measure in support of [its] position' " (*Kocourek v Booz Allen Hamilton Inc.*, 85 AD3d 502, 504 [1st Dept 2011]). Plaintiff has failed to demonstrate any such prejudice or surprise. Plaintiff's assertion of additional costs for discovery associated with the counterclaims is insufficient, as such costs would have been necessary even if the counterclaims were asserted with the initial answer.

Defendant's counterclaims for breach of contract and consequential damages associated with the alleged breach are not " 'palpably insufficient or clearly devoid of merit' " (*Miller v Cohen*, 93 AD3d 424, 425 [1st Dept 2012]; *see also MBIA Ins. Corp. v Greystone & Co., Inc.*, 74 AD3d 499, 500 [1st Dept 2010]).

We have examined plaintiff's remaining arguments, and find them unavailing. Concur—Mazzarelli, J.P., Acosta, Saxe, Clark and Kapnick, JJ.