(July 9, 2015)

■ In the Matter of ROBERT KOTICK, Appellant-Respondent, v NATALIA SHVACHKO, Respondent-Appellant. MARGARITA SHVACHKO et al., Nonparty Respondents. [14 NYS3d 8]—

Order, Surrogate's Court, New York County (Rita Mella, S.), entered January 13, 2014, which, to the extent appealed from as limited by the briefs, granted petitioner Robert Kotick's motion for summary judgment dismissing respondent Natalia Shvachko's defenses of fraud, mistake, and sham transaction, and denied so much of the motion as sought dismissal of the defense of undue influence with respect to the underlying SCPA 1805 petition, unanimously affirmed, with costs.

Petitioner, the executor of the last will and testament of the decedent, Charles M. Kotick, brought the instant SCPA 1805 application for permission to pay himself the sum of $1,077,000 plus interest that the decedent allegedly owed him. The debt is allegedly evidenced by a promissory note in the said amount

that was executed by the decedent on March 11, 2005, 10 days before he died of prostate cancer.

"The elements of undue influence are motive, opportunity, and the actual exercise of that undue influence" (*Matter of Nofal*, 35 AD3d 1132, 1134 [3d Dept 2006] [internal quotation marks omitted]). As direct proof of undue influence is rare, its elements may be established by circumstantial evidence (*Matter of Paigo*, 53 AD3d 836, 839-840 [3d Dept 2008]). The record contains evidence that payment of the note would benefit petitioner while rendering the estate insolvent, a result that would have been contrary to the decedent's estate plan. Moreover, the note and accompanying letter of instruction were prepared by petitioner's counsel as opposed to the decedent's own estate planning counsel. These factors, combined with the evidence of the decedent's deteriorating health, suffice to raise a triable issue of fact as to whether the note was the product of undue influence (*see e.g. Matter of O'Brien*, 182 AD2d 1135 [4th Dept 1992]).

The court correctly dismissed Shvachko's defense of fraudulent inducement. Shvachko alleged on information and belief in her answer that Joel M. Kotick—Charles's twin brother, who notarized the promissory note and letter of direction at issue—misrepresented the contents of those documents to Charles. This claim is insufficient to raise a triable issue of fact, because it is based on mere speculation (*see Matter of Ryan*, 34 AD3d 212, 215 [1st Dept 2006], *lv denied* 8 NY3d 804 [2007]).

The dismissal of Shvachko's defense of unilateral mistake was also correct, since a unilateral mistake alone is an insufficient basis for relief (*Angel v Bank of Tokyo-Mitsubishi, Ltd.*, 39 AD3d 368, 369 [1st Dept 2007]). A unilateral mistake induced by fraud is a sufficient basis for rescission (*id.* at 369-370). However, as indicated, Shvachko failed to raise a triable issue as to fraud.

The court correctly dismissed Shvachko's defense that the note was a sham transaction, since she presented no *firsthand* evidence of a sham (*cf. Polygram Holding, Inc. v Cafaro*, 42 AD3d 339, 340 [1st Dept 2007] [affidavits accepted as evidence that loans at issue were "no (loans) at all" were "first-hand accounts" of the parties' dealings (internal quotation marks omitted)]). Concur—Gonzalez, P.J., Mazzarelli, DeGrasse and Kapnick, JJ.