London Paint & Wallpaper Co., Inc. v Kesselman (2018 NY Slip Op 00622)





London Paint & Wallpaper Co., Inc. v Kesselman


2018 NY Slip Op 00622


Decided on February 1, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 1, 2018

Renwick, J.P., Richter, Tom, Gesmer, Oing, JJ.


5590N 152878/15

[*1] London Paint & Wallpaper Co., Inc. doing business as London True Value Hardware, etc., et al., Plaintiffs-Appellants,
v
Sidney Kesselman, etc., et, al., Defendants-Respondents, Evelyn Kesselman, etc., Defendant.


Wasser & Russ, LLP, New York (Adam H. Russ of counsel), for appellants.
Anderson Kill P.C., New York (Andrew J. Wagner of counsel), for respondents.



Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered June 28, 2016, which denied plaintiffs' motion to amend the complaint, and granted defendants Sidney Kesselman, as Trustee of Kesselman Living Trust, dated October 6, 1997, Sidney Kesselman and Terri Zimmerman's cross motion for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
To the extent plaintiffs contend that the court erred in granting defendants' motion for summary judgment after having granted plaintiffs' motion for a preliminary injunction (2015 NY Slip Op 31398[U] [Sup Ct, NY County July 27, 2015], mod 138 AD3d 632 [1st Dept 2016]), this contention is misplaced; the granting of the preliminary injunction does not constitute the law of the case (Walker Mem. Baptist Church, Inc. v Saunders, 285 NY 462, 474 [1941]; see also Gee Tai Chong Realty Corp. v GA Ins. Co. of N.Y., 283 AD2d 295 [1st Dept 2001] [doctrine prohibits one Supreme Court justice from reviewing a ruling by another]).
Plaintiffs contend that their claims, which arise from or seek enforcement of alleged oral "Family Agreements," are not barred under the Statute of Frauds (see General Obligations Law § 5-703; EPTL 13-2.1), because they fall within the statutory exception for part performance (General Obligations Law § 5-703[4]). However, plaintiffs' conduct is not, as required to invoke that exception, unequivocally referable to the alleged agreements (see Messner Vetere Berger McNamee Schmetterer Euro RSCG v Aegis Group, 93 NY2d 229, 235 [1999]). Nor is the parties' written rental agreement anything more than an unenforceable agreement to agree (see Joseph Martin, Jr., Delicatessen v Schumacher, 52 NY2d 105 [1981]). Moreover, defendants demonstrated as a matter of law that plaintiffs cannot prove that defendant Terri Zimmerman unduly influenced her parents to revoke, breach, or otherwise fail to perform under these unenforceable agreements.
Plaintiffs' proposed amendment to the complaint, which alleges Terri's undue influence with respect to the 2014 trust restatement, is "palpably insufficient" (see Tri-Tec Design, Inc. v Zatek Corp., 123 AD3d 420, 421 [1st Dept 2014]), given plaintiffs' inability to allege facts [*2]showing her actual exercise of such influence (see Matter of Kotick v Shvachko, 130 AD3d 472, 473 [1st Dept 2015]).
We have considered plaintiffs' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 1, 2018
CLERK