92 East LLC, Petitioner-Appellant, 
against
Jessica Lee, "John Doe" and "Jane Doe", Respondents-Respondents.




Petitioner, as limited by its briefs, appeals from so much of an order of the Civil Court of the City of New York, New York County (Gary F. Marton, J.), dated January 25, 2019, as denied its motion for summary judgment and granted respondents' cross motion to amend their answer without condition in a holdover summary proceeding.




Per Curiam.
Order (Gary F. Marton, J.), dated January 25, 2019, affirmed, with $10 costs.
Petitioner's motion for summary judgment on its possessory claim was properly denied, since it failed to demonstrate the absence of triable issues of fact with respect to the respondents' family member succession defense. Although petitioner's motion relies heavily on evidence indicating that respondent Chun Lam Lee, the son of the deceased rent controlled tenant, lived and worked in Maryland with his wife, respondent Fei Lam Lee, in the two years prior to tenant's death, respondent Chum Lam Lee's affidavit in opposition alleges that he and his wife are in the restaurant business and are required to spend several days per week in Maryland, where they stay in dormitory accommodations provided by their employer. Respondents have also submitted documentary proof indicating that they maintained extensive ties to the subject apartment during the relevant period. This conflicting evidence as to respondents' residence creates factual issues precluding summary judgment.
Civil Court also providently exercised its discretion in granting respondents' motion to amend their answer to assert a succession claim by respondent Jessica Lee, the granddaughter of the deceased tenant. Evidence in the record indicates that Jessica returned to the apartment, where she lived years earlier, in May 2013 and resided there with her parents, respondents Chun Lam Lee and Fei Lam Lee, as well as her grandfather (tenant) for several years prior to tenant's death in 2016. Respondents' delay in seeking to amend a pleading does not warrant denial of the motion, in the absence of prejudice (see Cherebin v Empress Ambulance Serv., Inc., 43 AD3d 364, 365 [2007]), i.e., "some indication that the [opposing party] has been hindered in the preparation of [its] case or has been prevented from taking some measure in support of [its] position" (Kocourek v Booz Allen Hamilton Inc., 85 AD3d 502, 504 [2011][internal quotation marks omitted]). Here, petitioner has failed to demonstrate any such prejudice or surprise (see [*2]Tri-Tec Design, Inc. v Zatek Corp., 123 AD3d 420 [2014]). Nor do we find any abuse of discretion in the denial of petitioner's request for costs and attorneys' fees as a condition for the amendment (see CPLR 3025[b]; Peach Parking Corp. v 346 W. 40th St., LLC, 52 AD3d 260, 261 [2008]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur
Decision Date: October 24, 2019