Salitsky v D'Attanasio (2023 NY Slip Op 01597)

Salitsky v D'Attanasio

2023 NY Slip Op 01597

Decided on March 23, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 23, 2023

Before: Manzanet-Daniels, J.P., Kern, González, Scarpulla, Pitt-Burke, JJ. 

Index No. 656458/21 Appeal No. 17647 Case No. 2022-03781 

[*1]Paul Salitsky, Plaintiff-Appellant,
v
Karen Miller D'Attanasio et al., Defendants-Respondents.

Ruskin Moscou Faltischek, P.C., Uniondale (Lois Bladykas of counsel), for appellant.
Bressler, Amery & Ross, P.C., New York (Jordan S. Weitberg of counsel), for respondents.

Order, Supreme Court, New York County (Suzanne Adams, J.), entered August 22, 2022, which granted defendant Karen Miller D'Attanasio's motion to dismiss the complaint with prejudice, unanimously modified, on the law, to deny the motion as to the first (declaratory judgment), third (conversion), fourth (unjust enrichment), and sixth (undue influence) causes of action, and otherwise affirmed, without costs.
Plaintiff alleges that in December 2019, defendant used undue influence or fraud to induce his elderly aunt to execute a form changing the designated beneficiary of a $6 million account from plaintiff to defendant, or that she forged his aunt's signature on the form. Plaintiff's aunt passed away in January 2021.
At this pre-discovery stage, and given that key information is within defendant's sole knowledge (see Pludeman v Northern Leasing Sys., Inc., 10 NY3d 486, 491-492 [2008]), we find that plaintiff sufficiently pleaded the elements of an undue influence claim, which are motive, opportunity, and the actual exercise of undue influence (see Matter of Kotick v Shvachko, 130 AD3d 472, 473 [1st Dept 2015]). Circumstances that may be considered in determining the existence of undue influence include whether the result of the decedent's changed directive concerning the disposition of property following her death is "unnatural or the result of an unexplained departure from a previously expressed intention" (Matter of Walther, 6 NY2d 49, 55 [1959]; see Matter of Elmore, 42 AD2d 240, 241 [3d Dept 1973]). Other factors include who prepared the document, and the decedent's mental and physical condition at the time (see Matter of Walther, 6 NY2d at 55; Matter of Kotick, 130 AD3d at 473).
Here, the circumstances requiring scrutiny include the alleged facts that plaintiff was decedent's closest living relative, that they had a continuing close relationship, and that he had been the designated beneficiary for 10 years, while defendant was a neighbor and relatively recent friend (see Matter of Elmore, 42 AD2d at 241). Moreover, plaintiff sufficiently alleges defendant's financial motive (the $6 million-plus value of the account), opportunity (that his aunt and defendant were neighbors, and his aunt's advanced age, fragile physical health, and inability to print the change of beneficiary form independently), and actual exercise of undue influence (the execution and mailing of the change of beneficiary form and the suspicious circumstances surrounding the writing of a $15,000 check to defendant weeks later) (see ALP v Moskowitz, 204 AD3d 454, 458 [1st Dept 2022]; Matter of Kotick, 130 AD3d at 473). Furthermore, accepting the pleadings as true, the allegations that plaintiff's aunt attempted to stop payment on the $15,000 check and that she complained to others that defendant had tricked her into writing the check, and changed her will to remove defendant as her executor, but did not change or revoke the beneficiary form, together support an inference that [*2]the aunt either was not aware of the form or was not aware of its effect.
We also find that the unjust enrichment and conversion causes of action were sufficiently pleaded. "The basis of a claim for unjust enrichment is that the defendant has obtained a benefit which in 'equity and good conscience' should be paid to the plaintiff" (Corsello v Verizon N.Y., Inc., 18 NY3d 777, 790 [2012]). Plaintiff, who alleges a situation where his elderly aunt, due to defendant's alleged undue influence, turned over the entirety of a $6 million-plus account to defendant, her neighbor, and entirely excluded him, her closest living relative who, moreover, enjoyed a close relationship with her, adequately stated a basis for this claim. Plaintiff also sufficiently alleged the elements of a conversion claim, in that he was the rightful account beneficiary, having originally been so designated by his aunt, and that, through undue influence, defendant interfered with such rights, replacing him as the sole account beneficiary (see Dobroshi v Bank of Am., N.A., 65 AD3d 882, 885 [1st Dept 2009], lv dismissed 14 NY3d 785 [2010]).
Under the circumstances, plaintiff has set forth "a proper case" for a declaration that the 2019 account beneficiary form (designating defendant as sole beneficiary) is invalid and that the 2010 form (designating plaintiff as sole beneficiary) controls, and, on this motion to dismiss, "the merit of the claim is not a relevant factor and the action should be allowed to proceed" (Law Research Serv. v Honeywell, Inc., 31 AD2d 900, 901 [1st Dept 1969]).
The injunction and fraud claims were properly dismissed with prejudice. As to the injunction claim, plaintiff does not question that he has an available remedy at law that would furnish "plain and adequate" relief (Lesron Junior v Feinberg, 13 AD2d 90, 93-94 [1st Dept 1961]). As for the first fraud claim, which centers around the allegation of defendant's "deceit upon" plaintiff's aunt, the alleged "deceit" is not explained or pleaded with the requisite specificity (CPLR 3016[b]). The second fraud claim, which seems to arise from alleged misrepresentations in a renunciation and disclaimer executed by defendant, was properly dismissed, as it does not adequately allege reliance by plaintiff or others on misrepresentations in that document, or resulting damages (see Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559 [2009]). Moreover, because the injunction and fraud claims suffer from more fundamental deficiencies than mere pleading defects, they were properly dismissed with prejudice (see Komolov v Segal, 96 AD3d 513, 513 [1st Dept 2012]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 23, 2023