Deco Towers Assoc., LLC v Fisch (2023 NY Slip Op 04818)

Deco Towers Assoc., LLC v Fisch

2023 NY Slip Op 04818

Decided on September 28, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 28, 2023

Before: Webber, J.P., Friedman, González, Rodriguez, Pitt-Burke, JJ. 

Index No. 150999/20 Appeal No. 651 Case No. 2023-00809 

[*1]Deco Towers Associates, LLC, Plaintiff-Respondent,
v
Samuel Fisch, Defendant-Appellant.

Joseph J. Haspel, Middletown, for appellant.
Zingman & Associates PLLC, New York (Cheryl R. Ginsburg of counsel), for respondent.

Judgment, Supreme Court, New York County (Nancy M. Bannon, J), entered October 14, 2022, in favor of plaintiff against defendant Samuel Fisch, in the amount of $510,858.53, plus statutory interests and costs, and bringing up for review an order, same court and Justice, entered September 27, 2022, which granted plaintiff's motion for summary judgment on its first cause of action for rental arrears and its third cause of action for attorneys' fees, unanimously affirmed, with costs.
Plaintiff seeks to recover rental arrears owed by nonparty tenant. Defendant guarantor contends that plaintiff entered into a settlement agreement with the tenant in which it agreed to waive the arrears, provided that the tenant surrendered the premises by a date certain. The settlement agreement recites that the tenant was required to surrender by August 31, 2020, while the guarantor submits evidence that the parties agreed to extend that date by one month, to September 30, 2020, asserting that as a result of mutual mistake the date was not changed elsewhere in the agreement. The tenant did not vacate by August 31, 2020, and the parties dispute whether the tenant vacated by September 30, 2020. In October 2020, plaintiff obtained a money judgment against the tenant for the full amount of the arrears.
To establish a prima facie case for recovery pursuant to a guaranty, the proponent must establish "the existence of a guaranty, the underlying debt and the guarantor's failure to perform under the guaranty" (see Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A., "Rabobank Intl.," N. Y. Branch v Navarro, 25 NY3d 485, 492 [2015]). A judgment against a tenant constitutes proof of the underlying debt for purposes of recovery pursuant to a guaranty (see W. & M. Operating, L.L.C. v Bakhshi, 159 AD3d 520, 521 [1st Dept 2018]). Moreover, a guarantor is bound by a judgment resulting from a breach of a lease they guaranteed even if they are not a party to the underlying action or proceeding (see Marina Towers Assoc., L.P. v Yu, 177 AD3d 469, 469 [1st Dept 2019]; W. & M. Operating, L.L.C., 159 AD3d at 522-23). There is no dispute as to the existence of the guaranty nor defendant's failure to perform. Therefore, plaintiff has made out a prima facie case for recovery under the guaranty.
Defendant argues that as a result of the settlement, there was a novation of the lease that discharged the guaranty. A novation of a contract requires a previously valid obligation, agreement of all parties to a new contract, extinguishment of the old contract, and a valid new contract (see Warburg Opportunistic Trading Fund L.P. v GeoResources, Inc., 151 AD3d 465, 472-473 [1st Dept 2017]). Here, while there was a settlement between plaintiff and the tenant, the lease was not extinguished. Indeed, plaintiff and the tenant agreed as part of the settlement that $510,858.53 in rental arrears was due and owing under the lease. Further, the guaranty provides that its validity would not be affected by any[*2]"forbearances, settlements or compromise" regarding the lease, and would remain in full force and effect regardless of whether the lease was renewed, modified, or extended.
Defendant argues that the debt was discharged because, but for a mutual mistake in drafting, the settlement would have extended the tenant's time to vacate the premises to September 30, 2020, thereby permitting the tenant to take advantage of a waiver of rental arrears. However, mutual mistake is not a defense that defendant, an unconditional guarantor, may raise in this action. A guaranty agreement is separate and distinct from a lease and an unconditional guarantor may not assert defenses that arise independently from the guaranty or are personal to the principal debtor (see I Bldg, Inc. v Hong Mei Cheung, 137 AD3d 478, 478 [1st Dept 2016]). An alleged mutual mistake in the drafting of a subsequent settlement between plaintiff and the tenant arises independently from the guaranty and is personal to the tenant.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 28, 2023