902 Assoc. v Union Sq. 902 Suites LLC (2025 NY Slip Op 07086)

902 Assoc. v Union Sq. 902 Suites LLC

2025 NY Slip Op 07086

Decided on December 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 18, 2025

Before: Webber, J.P., Gesmer, González, Pitt-Burke, Higgitt, JJ. 

Index No. 156065/20|Appeal No. 5411|Case No. 2025-00277|

[*1]902 Associates, Plaintiff-Respondent,
vUnion Square 902 Suites LLC, Defendant, Wellie Chao, Defendant-Appellant.

Pryor Cashman LLP, New York (Maxwell Breed of counsel), for appellant.
Belkin Burden Goldman, LLP, New York (Magda L. Cruz of counsel), for respondent.

Order, Supreme Court, New York County (Debra A. James, J.), entered December 11, 2024, which to the extent appealed from as limited by the briefs, granted plaintiff landlord's motion for summary judgment as to liability on its claims against defendant guarantor; dismissed the guarantor's counterclaims for tenant harassment, breach of the covenant of good faith and fair dealing, and a declaratory judgment declaring that the guaranty was unenforceable; dismissed the second, third, fifth, eighth, ninth, and fifteenth affirmative defenses; and denied the guarantor's cross-motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.
Supreme Court properly rejected the guarantor's assertion that the parties' August 24, 2011, letter agreement or their September 23, 2013, so-ordered stipulation constituted a novation of the lease, thus extinguishing the guaranty. The 2011 letter agreement expressly stated that except for the agreed modifications relating to the rent commencement date, "all other terms, covenants and conditions of the Lease are and shall remain in full force and effect and are hereby ratified and confirmed in all respects." Similarly, the relevant paragraphs of the stipulation resolved the parties' dispute by agreeing to dates certain to set the lease commencement date, rent commencement date, and expiration date "as defined by . . . the Lease" and to resolve the rent credits and arrears "[p]ursuant to the terms of the lease agreement." In these circumstances, the guaranty cannot be said to have been extinguished, and therefore there was no novation (see Deco Towers Assoc., LLC v Fisch, 219 AD3d 1245, 1246-1247 [1st Dept 2023]; see also 231/249 W. 39 St. Assoc. v Chan, 233 AD3d 573, 574 [1st Dept 2024]).
We reject guarantor's argument that the landlord's requirement that the guarantor reaffirm certain other guarantees relating to other leases between the parties in other circumstances transforms the terms of the letter and stipulation into agreements to abandon the lease, and by consequence, the guaranty. The guaranty's omission from an agreement required by the landlord's lender for subordination purposes reflect an intention to discharge the guarantor of his liability under the guaranty. In any event, none of the material terms of the lease were altered to affect the guarantor's liability for the amounts at issue here, as the terms of the letter agreement and stipulation have no bearing on the rents that accrued from 2020 through 2023 and for which the landlord received a money judgment from the tenant.
Accordingly, the landlord was properly granted summary judgment in its favor on its claims under the guaranty. Further, the counterclaim for a declaratory judgment declaring that the guaranty was unenforceable, along with the related second, third, fifth, eighth, ninth, and fifteenth affirmative defenses asserting the unenforceability of the guaranty, were properly dismissed.
We reject the guarantor's argument that because the landlord's managing agent had no personal knowledge of events pre-dating his engagement by the landlord, Supreme Court should not have credited the agent's affidavit submitted on the motion. The managing agent, who averred that the guaranty was in effect under the relevant documents, adequately identified the documents in his file and stated that he had personal knowledge of those documents. This foundation was sufficient to admit the documents, the terms of which are unambiguous and the authenticity of which is undisputed (see e.g. W 54-7, LLC v Rooney, 233 AD3d 423, 424 [1st Dept 2024]).
As to the counterclaim for tenant harassment, the guarantor failed to establish factual support for the cause of action (Administrative Code of City of NY § 22-902 et seq.). This law was enacted to prevent a landlord from taking actions that "would reasonably cause a commercial tenant to vacate covered property, or to surrender or waive any rights under a lease or other rental agreement" (id. at § 22-902[a][i]). Here, however, the tenant was lawfully evicted by the entry of a judgment of possession in a nonpayment proceeding before the guarantor filed his answer with counterclaims, refuting his assertion that enforcement of the guaranty in this action was intended to force out the tenant.
Although Supreme Court did not specifically address the issue, it correctly dismissed the guarantor's counterclaim for breach of the covenant of good faith and fair dealing. The guarantor did not sufficiently establish that the landlord engaged in conduct designed to "have the effect of destroying or injuring the right of the other party to receive the fruits of the contract" (Forman v Guardian Life Ins. Co. of Am., 76 AD3d 886, 888 [1st Dept 2010]).
We have considered the guarantor's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 18, 2025