| |
|---|
| **36th HY LLC v Yan Rong Zhen** |
| 2026 NY Slip Op 30702(U) |
| February 26, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 159766/2021 |
| Judge: Emily Morales-Minerva |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART 42M

-------------------------------------------------------------------------------X

36TH HY LLC

                              Plaintiff,

                - v -

YAN RONG ZHEN,

                             Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 159766/2021 |
| **MOTION DATE** | 04/03/2025 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22

were read on this motion to/for              JUDGMENT - SUMMARY          .

APPEARANCES:

      Kucker Marino Winiarsky & Bittens, LLP, New York, New York
      (Michael Stephen Bennett, Esq., of counsel) for plaintiff.

HON. EMILY MORALES-MINERVA:

      In this action for breach of a guaranty, plaintiff 36TH HY LLC moves, by notice of motion (sequence number 01), for (1) an order, pursuant to CPLR § 3212, granting it summary judgment against defendant YAN RONG ZHEN; for (2) an order, pursuant to CPLR § 3025 (c), amending the pleadings to conform them to the proof; and for (3) an order, pursuant to CPLR § 3211 (b), dismissing defendant's six affirmative defenses. Defendant does not appear or submit opposition to the motion.

      For the reasons set forth below, the motion (seq. no. 01) is granted without opposition.

**159766/2021 36TH HY LLC vs. ZHEN, YAN RONG**                **Page 1 of 15**
**Motion No. 001**

BACKGROUND

Pursuant to a 10-year commercial lease agreement, plaintiff 36TH HY LLC (owner-landlord), as owner and landlord, leased the ground floor retail space and mezzanine of 367 West 36th Street, New York, New York 10008 (premises) to non-party tenant Zhen Dim Sum LLC (tenant) (see New York State Court Electronic Filing System [NYSCEF] Doc. No. 01, complaint; see also NYSCEF Doc. No. 12, commercial lease agreement, dated September 13, 2018).

On the same date the lease agreement was executed between owner-landlord and tenant, defendant YAN RONG ZHEN (guarantor) guaranteed tenant's obligations under the lease, including the monetary obligations thereunder, pursuant to a separate unconditional guaranty (see NYSCEF Doc. No. 01, complaint; see also NYSCEF Doc. No. 14, limited personal lease guaranty, dated and notarized on September 13, 2018 [the body of said guaranty identifies the guarantor as defendant YAN RONG ZHEN, includes a signature with said defendant's name in print, a witness, and an endorsement of a notary public]).

Specifically, the guaranty provides, in part:

> "[T]he undersigned ('Guarantor'), a
> shareholder of [non-party tenant], hereby
> jointly and severally personally guarantees
> to the Owner, its successors and assigns,
> the full and prompt payment of all annual
> rent and additional rental, as set forth in
> the Lease, and any and all other sums and

**159766/2021  36TH HY LLC vs. ZHEN, YAN RONG**
**Motion No. 001**

**Page 2 of 15**

[* 2]                                            2 of 15

charges payable by Tenant, its successors and assigns, under the Lease . . .

. . .

"[I]f tenant shall default in the payment or performance of any of the Obligations, Guarantor shall forthwith pay such amounts due and perform such other of the Obligations to and for Owner, its successors and assigns, including without limitation, all reasonable attorneys' fees and disbursements incurred by Owner in connection with or caused by any such default under the Lease and/or by the enforcement of this Guaranty.

"This Guaranty is an absolute and unconditional Guaranty of payment and of performance. It shall be enforceable against Guarantor, her successors and assigns, without necessity for any suit or proceedings on Owner's part against Tenant, its successors and assigns, and without the necessity of any notice of non-payment, non-performance, or of any other notice of demand to which Guarantor might otherwise be entitled, all of which Guarantor hereby expressly waives . . .

"This Guaranty shall be a continuing Guaranty, and the liability of Guarantor hereunder shall in no way be affected, modified or diminished by reason of any . . . modification or extension of or under the Lease or by reason of any modification or waiver of or change in any of the terms of the Lease . . ."

(NYSCEF Doc. No. 14, limited personal lease guaranty).

Thereafter, On October 23, 2018, owner-landlord and non-party tenant executed a modification of the lease, which, among other things not relevant here, modified the amount of the

159766/2021   36TH HY LLC vs. ZHEN, YAN RONG
Motion No.  001

Page 3 of 15

[* 3]

annual base rent and security deposit (see NYSCEF Doc. No. 13, first amendment to the lease, dated October 23, 2018).

At or around October of 2019, things began to sour between non-party tenant and owner-landlord (see NYSCEF Doc. No. 01, complaint). Specifically, non-party tenant ceased paying the rent due under the lease, and guarantor failed to cover non-party tenant's rent obligations (see id.; see also NYSCEF Doc. No. 02, rent ledger). Consequently, owner-landlord commenced a summary nonpayment proceeding against non-party tenant in the Civil Court of the City of New York (see NYSCEF Doc. No. 17, 36th HY LLC v Zhen Dim Sum LLC, Index No. LT-050084-20/NY [filed on or about January 20, 2020]).

In the meanwhile, while the summary nonpayment proceeding remained pending, owner-landlord commenced this action against guarantor for breach of the guaranty agreement, seeking payment of rental arrears, additional rent, and attorneys' fees (see NYSCEF Doc. No. 01, complaint, dated October 27, 2021). Specifically, owner-landlord sought $204,420.45 in rent and additional rent due, "and such further rent and additional rent that accrues [] until the date of judgment", as well as $42,977.34 in attorneys' fees (see id.).

Guarantor answered, asserting six affirmative defenses (see NYSCEF Doc. No. 05, answer with affirmative defenses). The defenses include (1) plaintiff's failure to perform under the

**159766/2021 36TH HY LLC vs. ZHEN, YAN RONG** **Page 4 of 15**
**Motion No. 001**

4 of 15

[* 4]

lease with the non-party tenant; (2) plaintiff's refusal to sign off on applications to the DOB, interfering with non-party tenant's business; (3) lack of entitlement to attorneys' fees; (4) plaintiff's failure to meet the conditions precedent to payment, "i.e. performance under the contract"; (5) plaintiff's refusal to sign documents necessary for non-party tenant to complete construction at the premises; and (6) plaintiff's unclean hands, in that plaintiff "knew his actions in refusing to sign necessary documents for construction would prevent [non-party] tenant from" operating its restaurant (see id.).

While this action remained pending, the summary nonpayment action proceeded to trial in the Civil Court of the City of New York, and concluded on November 30, 2024 (see NYSCEF Doc. No. 17, trial decision and order [36th HY LLC v Zhen Dim Sum LLC, Index No. LT-050084-20/NY (Civ Ct, NY Cnty [S. Ally, A.J.S.C]). The court (S. Ally, A.J.S.C.) found in favor of owner-landlord, and awarded a money judgment in the total amount of $2,684,641.26[1] for unpaid rent, additional rent, and attorneys' fees against non-party tenant (see NYSCEF Doc. No. 18, Civil Court judgment, dated January 24, 2025 [36th HY LLC v Zhen Dim

---

[1] The judgment provides, "IT IS ADJUDGED that possession of the premises be awarded to [owner-landlord] alone with a monetary judgment in the amount of $1,764,253.61 due through December 1, 2024, plus interest from January 20, 2020, the date of the petition, in the amount of $783,906.04, plus costs and disbursements in the amount of $135.00, plus legal fees in the amount of $136,346.61, for a total judgment of $2,684,641.26" (NYSCEF Doc. No. 18, civil court judgment [emphasis in original]).

159766/2021  36TH HY LLC vs. ZHEN, YAN RONG
Motion No. 001

Page 5 of 15

5 of 15

Sum LLC, Index No. LT-050084-20/NY (Civ Ct, NY Cnty [S. Ally, A.J.S.C]). Thereafter, non-party tenant was evicted from the premises (see NYSCEF Doc. No. 19, marshal's notice of legal possession, dated March 07, 2025).

Now, owner-landlord moves for (1) an order, pursuant to CPLR § 3212 [governing motions for summary judgment], granting it summary judgment against defendant YAN RONG ZHEN; for (2) an order, pursuant to CPLR § 3025 (c) [governing amendments to conform the pleadings to the evidence], conforming the pleadings to the proof to increase the damages sought against guarantor to the amount awarded in Civil Court against non-party tenant; and for (3) an order, pursuant to CPLR § 3211 (b), dismissing defendant's six affirmative defenses.

Therein, owner-landlord contends entitlement to summary judgment, arguing no triable issues of fact exist that guarantor is liable to owner-landlord for the amount of the money judgment entered in Civil Court (see NYSCEF Doc. No. 21, owner-landlord's memorandum of law in support of instant motion). Specifically, owner-landlord argues that the September 13, 2018 guaranty is unconditional, clear and unambiguous, and guarantor has failed to perform under said guaranty.

In support of its motion, owner-landlord submits the affirmation of Justin Gorjian, managing agent of owner-landlord and owner of the premises (NYSCEF Doc. No. 09); the deed to the

159766/2021 36TH HY LLC vs. ZHEN, YAN RONG Page 6 of 15
Motion No. 001

6 of 15

[* 6]

premises (NYSCEF Doc. No. 11); the lease agreement entered into between owner-landlord and tenant, dated September 13, 2018 (NYSCEF Doc. No. 12); the first amendment and modification to the lease, dated October 23, 2018 (NYSCEF Doc. No. 13); the guaranty, executed and notarized on September 13, 2018 (NYSCEF Doc. No. 14); the Civil Court's decision and order issued pursuant to 36th HY LLC v Zhen Dim Sum LLC, Index No. LT-050084-20/NY (NYSCEF Doc. No. 17); the Civil Court judgment issued pursuant to 36th HY LLC v Zhen Dim Sum LLC, Index No. LT-050084-20/NY (NYSCEF Doc. No. 18); the marshal's legal possession of the premises (NYSCEF Doc. No. 19); and attorneys' fees invoices (NYSCEF Doc. No. 20).

Though defendant continues to be represented by counsel in this proceeding, defendant does not appear or submit opposition to the motion (seq. no. 01).

## ANALYSIS

"On a motion for summary judgment, the moving party must 'make a prima facie showing of entitlement to judgment as a matter of law, tendering [evidentiary proof in admissible form] to demonstrate the absence of any material issues of fact'" (Nomura Asset Capital Corp. v Cadwalader, Wickersham & Taft LLP, 26 NY3d 40, 49 [2015], quoting Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Friends of Thayer Lake LLC v Brown, 27 NY3d

**159766/2021  36TH HY LLC vs. ZHEN, YAN RONG**
**Motion No. 001**

**Page 7 of 15**

7 of 15

[* 7]

1039, 1043 [2016] [stating the same principle]). It is black letter law that such proof shall include the "affidavit" of a person having personal knowledge of the facts, "a copy of the pleadings" and "other available proof, such as depositions and written admissions" (see CPLR § 3212 [b]).

"Once this burden is met, the burden shifts to the opposing party to submit proof in admissible form sufficient to create a question of fact requiring a trial" (Kershaw v Hospital for Special Surgery, 114 AD3d 75, 82 [1st Dept 2013], citing Kosson v Algaze, 84 NY2d 1019 [1995]; De Lourdes Torres v Jones, 26 NY3d 742, 763 [2016] [holding that if the moving party makes the requisite showing, the non-moving party then has the burden "'to establish the existence of [factual issues] which require a trial of the action'"]).

With respect to establishing liability under a guaranty, the proponent of said relief must demonstrate "the existence of the guaranty, the underlying debt, and the guarantor's failure to perform under the guaranty" (Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A. v Navarro, 25 NY3d 485, 492 [2015]; 3 East 54th New York LLC v Chatiris, 225 AD3d 413 [1st Dept 2024]).

In that regard, "[a] guaranty is a promise to fulfill the obligations of another party, and is subject 'to the ordinary principles of contract construction'" (Cooperatieve Centrale

Raiffeisen-Boerenleenbank, B.A., 25 NY3d at 492; Wilson v 2600 Elmwood LLC, 236 AD3d 1213, 1214 [3d Dept 2025]). Under those principles, "a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (Greenfield v Philles Records, 98 NY2d 562, 569 [2002]).

Here, owner-landlord demonstrates its prima facie entitlement to judgment as a matter of law in connection with the guaranty. Owner-landlord submits proof of the existence of the unconditional guaranty (NYSCEF Doc. No. 14, guaranty); the underlying lease agreement (NYSCEF Doc. No. 12, lease) and debt owed (NYSCEF Doc. No. 18, Civil Court judgment); and guarantor's failure to make payment in accordance with the terms of the guaranty (NYSCEF Doc. No. 09, affirmation of Joseph Gorjian, managing agent for owner-landlord and owner of the premises [stating that "to date, neither tenant nor guarantor has paid any monies due under the judgment and the entire $2,684,641.26 remains due"]).

Specifically, the Civil Court judgment and order entered in owner-landlord's favor against non-party tenant represents the rent arrears owed through December 1, 2024, thereby establishing the existence and amount of the debt owed (see NYSCEF Doc. No. 09 at 6). Further, managing agent and owner Joseph Gorjian

159766/2021  36TH HY LLC vs. ZHEN, YAN RONG
Motion No. 001

Page 9 of 15

9 of 15

[* 9]

attests to non-party tenant's failure to pay the amount due under the January 24, 2025 Civil Court money judgment (see id.).

That unpaid judgment establishes guarantor's liability pursuant to the express terms of the guaranty (see ST1 Realty LLC v Carroll, 234 AD3d 510, 511 [1st Dept 2025] [holding "the landlord submitted the Civil Court money judgment and orders against the tenant [] representing all monies owed [] thus establishing the guarantor's liability for the amounts of the money judgment]; 27 W 72nd St. Note Buyer LLC v Terzi, 194 AD3d 630, 630-631 [1st Dept 2021]). It is well established that "a guarantor is bound by a judgment resulting from a breach of a lease they guaranteed, even if the guarantor was not a party to the underlying action or proceeding" (Deco Towers Assoc., LLC v Fisch, 219 AD3d 1245, 1246 [1st Dept 2023]; [holding that "contrary to defendants' contention, they are bound by the judgment that was entered in Civil Court as guarantors of the tenant's obligation"]; see also Marina Towers Assoc., L.P. v Yu, 177 AD3d 469, 469 [1st Dept 2019] [stating the same principles]).

Further, by failing to oppose the motion or otherwise appear, guarantor has failed to raise any material, triable issue of fact (Sears Holding Mgmt. Corp. v Rockaway Realty Assocs., LP, 176 AD3d 433, 433 [1st Dept 2019] [holding: "as defendants submitted no relevant admissible evidence in

159766/2021 36TH HY LLC vs. ZHEN, YAN RONG
Motion No. 001
Page 10 of 15

10 of 15

opposition to the motion, we affirm the granting of summary judgment for breach of contract in plaintiff's favor"]; Zuckerman v City of New York, 49 NY2d 557, 560 [1980]). Therefore, this court grants summary judgment to owner-landlord.

Likewise, guarantor's six affirmative defenses are stricken and dismissed as a matter of law. The guaranty agreement executed by guarantor is unconditional and absolute, and waives the affirmatives defenses guarantor asserts in her answer (see NYSCEF Doc. No. 14, guaranty, ¶ 4 ["This guaranty is an absolute and unconditional guaranty of payment"]; ¶ 8 ["Guarantor hereby waives all defenses which might be available to a surety"]). Additionally, the affirmatives defenses all relate to non-party tenant, and are not guarantor's defenses to assert (see I Bldg, Inc. v Hong Mei Chung, 137 AD3d 478 [1st Dept 2016]).[2]

Even if guarantor did not waive her defenses pursuant to the express language of the guaranty, the six affirmative defenses would nonetheless be dismissed. Guarantor's affirmative defenses consist of nothing more than bare legal conclusions, and guarantor, in failing to oppose the instant motion, presents no factual or legal basis for maintaining said defenses (Chrysler East Building, LLC v Keenwawa, Inc., 217 AD3d 494, 494-495 [1st Dept 2023]; see also ConnectOne Bank v Legacy

---

[2] Indeed, non-party tenant asserted many of the same affirmative defenses in the summary nonpayment proceeding, all of which were dismissed by the Civil Court (see NYSCEF Doc. No. 17).

159766/2021  36TH HY LLC vs. ZHEN, YAN RONG
Motion No. 001

Page 11 of 15

11 of 15

Builders/Developers Corp., 238 AD3d 632, 633 [1st Dept 2025] ["Supreme Court providently exercised its discretion when it dismissed defendants' 11 affirmative defenses as 'only a bare legal conclusion without supporting facts'"]).

Next, the Court turns to the branch of owner-landlord's motion seeking to conform the pleadings to the proof pursuant to CPLR § 3025 (c) -- namely, the Civil Court money judgment entered in favor of owner-landlord and against non-party tenant -- so as to increase the amount of damages sought herein to $2,684,641.26. "A motion to conform the pleadings to the proof [pursuant to CPLR § 3025 (c)][3] is a matter committed to the trial court's sound discretion and, absent undue prejudice or surprised, should be freely granted" (Paton v Weltman, 23 AD3d 895, 896 [3d Dept 2005], citing Murray v City of New York, 43 NY2d 400, 404-405 [1977]; see also Castor Petroleum, Ltd. v Petroterminal de Panama, S.A., 90 AD3d 424 [1st Dept 2011]).

Here, owner-landlord submits the Civil Court money judgment entered against non-party tenant, which represents all monies owed to owner-landlord (NYSCEF Doc. No. 18). Pursuant to the unambiguous language of the guaranty, guarantor promised to, in the event of tenant's default, fulfill non-party tenant's obligations under the lease, including the payment of rent,

---

[3] CPLR § 3025 (c) provides, "The court may permit pleadings to be amended before or after judgment to conform them to the evidence, upon such terms as may be just including the granting of costs and continuances."

**159766/2021   36TH HY LLC vs. ZHEN, YAN RONG**                    **Page 12 of 15**
**Motion No.  001**

additional rent, and reasonable attorneys' fees incurred by owner-landlord (see NYSCEF Doc. No. 14, guaranty).  Accordingly, owner-landlord is entitled to conform the pleadings to the proof to increase the damages sought against guarantor to $2,684,641.26, representing the unpaid rent, additional rent, and attorneys' fees owed by non-party tenant and, by virtue of the guaranty, by guarantor.

Further, amending the complaint to seek the full amount due under the January 24, 2025 money judgment does not unduly surprise or prejudice guarantor.  Guarantor was on notice of her obligation to pay these sums under both  the express terms of the guaranty and the complaint, which seeks "such further rent and additional rent that accrues [] until the date of judgment" (see Briarpatch Ltd., L.P. v Briarpatch Film Corp., 60 AD3d 585 [1st Dept 2009] [holding that "there was no showing of prejudice or surprise from plaintiffs' delay in asserting new claims to conform the complaint to the proof and to increase the ad damnum clause"]).  Notably, by failing to oppose or otherwise appear on the instant motion, guarantor proffers no proof of prejudice.

Lastly, owner-landlord seeks to recover from guarantor the attorneys' fees incurred in this action, which total $1,922.92 (see NYSCEF Doc. No. 21, memorandum of law, p 8; see also NYSCEF Doc. No. 20, invoices).  "Under the American Rule, a prevailing party in litigation generally may not recover attorney's fees

159766/2021  36TH HY LLC vs. ZHEN, YAN RONG
Motion No. 001

Page 13 of 15

[* 13]

13 of 15

from the losing party . . . unless an award is authorized by agreement between the parties, statute or court rule" (Sage Sys., Inc. v Liss, 39 NY3d 27, 29 [2022], citing Hooper Assoc. v AGS Computers, 74 NY2d 487, 491 [1989]). Here, paragraph three of the guaranty expressly provides for the recovery of "reasonable attorneys' fees incurred by [owner-landlord] in connection with or caused by any such default under the Lease and/or by the enforcement of this Guaranty" (NYSCEF Doc. No. 14, guaranty [emphasis added]). Therefore, owner-landlord is entitled to recover its reasonable attorneys' fees from guarantor, and the Court shall direct an inquest to determine the appropriate amount.

Accordingly, it is hereby

ORDERED that the motion (seq. no. 01) of plaintiff 36TH HY LLC to amend the complaint to increase the damages sought in the complaint to include all amounts due pursuant to the Civil Court money judgment entered on January 24, 2025, is granted, without opposition; it is further

ORDERED that the motion of plaintiff 36TH HY LLC for summary judgment against defendant YAN RONG ZHANG is granted, without opposition; it is further

ORDERED that the motion of plaintiff 36TH HY LLC to dismiss defendant's YAN RONG ZHANG six affirmative defenses is granted, without opposition;

159766/2021 36TH HY LLC vs. ZHEN, YAN RONG
Motion No. 001

Page 14 of 15

14 of 15

[* 14]

ORDERED the Clerk of Court is directed to enter judgment in favor of plaintiff 36TH HY LLC and against defendant YAN RONG ZHANG in the principal amount of $2,684,641.26; it is further

ORDERED that, within twenty days from the date of this decision and order, plaintiffs shall serve a copy of this order with notice of entry on defendant, as well as on the Clerk of the Court, who shall enter judgment accordingly; it is further

ORDERED that a hearing on plaintiff's claim for attorneys' fees shall be held on June 03, 2026 at 12:00 P.M., in Courtroom 574, located at 111 Centre Street, New York County Supreme Court; and it is further

ORDERED that the Clerk of Court shall mark the file accordingly.

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

| 2/26/2026 | | | | |
|---|---|---|---|---|
| **DATE** | | | **EMILY MORALES-MINERVA, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | ☐ DENIED | GRANTED IN PART | ☐ OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | ☐ REFERENCE |

159766/2021   36TH HY LLC vs. ZHEN, YAN RONG
Motion No.  001

Page 15 of 15

15 of 15

[* 15]